■ ROBIN DAVIS, Appellant, v JOHN CHESSARI et al., Defendants, and MID-HUDSON SAVINGS BANK et al., Respondents. [658 NYS2d 965] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 11, 1996, which granted the motion of the defendants Mid-Hudson Savings Bank and First Fidelity Bank of New Jersey for summary judgment dismissing the complaint insofar as asserted against them and for an award of attorneys' fees pursuant to 22 NYCRR 130-1.1, (2) a judgment of the same court entered June 21, 1996, which, upon the order dated June 11, 1996, dismissed the seventh cause of action asserted in the amended complaint, and, in effect, severed the action against the remaining defendants, and awarded the defendants Mid-Hudson Savings Bank and First Fidelity Bank of New Jersey attorneys' fees in the sum of $7,500, and (3) so much of an order of the same court dated August 23, 1996, as denied that branch of her motion which was for leave to reargue that branch of the motion for summary judgment that sought an award of attorneys' fees.

Ordered that the appeal from the order dated June 11, 1996, is dismissed; and it is further,

Ordered that the appeal from the order dated August 23, 1996, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent First Fidelity Bank of New Jersey is awarded one bill of costs.

The appeal from the intermediate order dated June 11, 1996, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The interpretation of a written contract is within the prov-

ince of the court and, if the language of the contract is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence (*see, Chimart Assocs. v Paul,* 66 NY2d 570, 572-573; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291; *Weiner v Anesthesia Assocs.,* 203 AD2d 454). Contrary to the plaintiff's contention, the unambiguous language in paragraph four of the building loan contract did not obligate the respondents to ensure that the house was constructed properly and in accordance with the filed plans.

In view of the plaintiff's conduct in this litigation, the award of attorney's fees was not an improvident exercise of the court's discretion (*see,* 22 NYCRR 130-1.1).

The plaintiff's remaining contention is without merit. Miller, J. P., Copertino, Krausman and Florio, JJ., concur.