■ In the Matter of GERSH KORSINSKY, Appellant, v TAX COMMISSIONER, CITY OF NEW YORK, Respondent. [751 NYS2d 853] —In a proceeding pursuant to RPTL article 7 to review a real property tax assessment for the tax year 1996-1997, the petitioner appeals from a judgment dated August 23, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

It is a primary rule of contract construction that "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162). Moreover, "[i]nterpretation of an unambiguous contract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument" (*Teitelbaum Holdings v Gold*, 48 NY2d 51, 56; *Chimart Assoc. v Paul*, 66 NY2d 570, 572; *see Gora v D.I.D. Acquisition Co.*, 226 AD2d 425, 426; *Magnolia Dev. Corp. v Lockwood*, 160 AD2d 774, 776-777).

Here, the parties' settlement agreement dated July 7, 1997, is a clear and complete document, and should be enforced according to its terms. The intent of the parties is clearly discernible from the four corners of that agreement. Accordingly, the Supreme Court properly upheld the validity of the settlement agreement.

The petitioner's remaining contentions are without merit. Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.