■ KURT CUOMO et al., Respondents, v MAHOPAC NATIONAL BANK, Appellant. [774 NYS2d 779]—

In an action to recover damages for breach of contract and breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated March 14, 2003, which denied its motion, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

It is a primary rule of contract construction that "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]; *Matter of Korsinsky v Tax Commr., City of N.Y.,* 300 AD2d 306 [2002]). Moreover, "[i]nterpretation of an unambiguous contract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument" (*Teitelbaum Holdings v Gold,* 48 NY2d 51, 56 [1979]; *see Matter of Korinsky v Tax Commr., City of N.Y., supra; Lamont v Story Book Homes,* 288 AD2d 351, 351-352 [2001]).

Here, the construction loan agreement (hereinafter the agreement) between the plaintiffs, as borrowers, and the defendant bank, unambiguously required the plaintiffs to assume responsibility for the selection of an appropriate builder, and provided that all inspections and other services rendered by the defendant would be solely for its own protection, and not for the protection of the plaintiffs. Moreover, "the usual obligation and duty of a construction lender does not require supervision of the construction project" (*Amsterdam Sav. Bank v Marine Midland Bank,* 121 AD2d 815, 817 [1986]), and the agreement did not obligate the defendant to ensure that the builder hired by the plaintiffs properly performed its duties before the defendant honored the builder's requests for disbursement of construction funds (*see Davis v Chessari,* 239 AD2d 457 [1997]). Accordingly, the plaintiffs' breach of contract claim, which seeks damages for the costs allegedly incurred by the plaintiff in hiring a second builder to complete their home, failed to state a cause of action against the defendant.

Furthermore, the arm's length contractual relationship between the plaintiffs and the defendant did not give rise to a fiduciary relationship (*see River Glen Assoc. v Merrill Lynch Credit Corp.,* 295 AD2d 274 [2002]; *WIT Holding Corp. v Klein,* 282 AD2d 527 [2001]; *Wiener v Lazard Freres & Co.,* 241 AD2d 114 [1998]). Thus, the complaint failed to state a cause of action to recover damages for breach of fiduciary duty. Altman, J.P., Krausman, H. Miller and Cozier, JJ., concur.