Faye Schenkman et al., Appellants, v New York College of Health Professionals et al., Respondents. [815 NYS2d 159]—

In an action, inter alia, to recover damages for breach of an employment contract, fraud, breach of fiduciary duty, defamation, and unlawful discriminatory practices in violation of Executive Law § 296, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Nassau County (Parga, J.), dated January 3, 2005, as granted those branches of the defendants' motion which were to dismiss the second and fourth causes of action pursuant to CPLR 3211 (a) (7), and (2) an order of the same court dated May 12, 2005 as denied that branch of their motion which was for leave to replead the third cause of action.

Ordered that the order dated January 3, 2005 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated May 12, 2005 is reversed insofar as appealed from, on the law and as an exercise of discretion, without costs or disbursements, and that branch of the plaintiffs' motion which was for leave to replead the third cause of action is granted; and it is further,

Ordered that the plaintiffs' time to serve and file an amended complaint is extended until 20 days after service upon them of a copy of this decision and order.

As alleged in the complaint, the plaintiffs are former employees of the defendant New York College of Health Professionals (hereinafter the College). At all relevant times, the individual defendants, Donald Spector and King Cheek, acted, respectively, as Chairman of the Board and President of the College. The plaintiffs' employment was terminated in November 2002. In their first cause of action, asserting a claim for breach of contract, the plaintiffs allege that the defendants promised them a severance package in exchange for their agreement to continue working until the end of the fall 2002 semester. The plaintiffs each performed their part of the bargain, but the defendants allegedly failed to pay them in accordance with the promised severance package. The second cause of action is based on the same operative facts, but asserts claims based on breach of fiduciary duty and constructive fraud. The third cause of action is predicated on certain defamatory statements allegedly made by the individual defendants or their agents, and the fourth cause of action alleges the creation of a hostile work environment in violation of Executive Law § 296.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must accept as true the facts alleged in the complaint and afford the plaintiffs the benefit of every possible favorable inference in determining whether the complaint states any legally cognizable cause of action (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner,* 96 NY2d 300, 303 [2001]).

The Supreme Court correctly determined that the second cause of action failed to state a claim for breach of fiduciary duty or constructive fraud. Contrary to the plaintiffs' contention, they failed to plead any facts demonstrating how the arm's length, employer-employee relationship between the defendants and the plaintiffs gave rise to any fiduciary duty (*cf. Cuomo v Mahopac Natl. Bank,* 5 AD3d 621, 622 [2004]; *Wiener v Lazard Freres & Co.,* 241 AD2d 114, 121-122 [1998]; *Michnick v Parkell Prods.,* 215 AD2d 462 [1995]). Moreover, the plaintiffs did not plead any viable fraud-based claim, since the only fraud charged related to a breach of contract (*see Marshel v Farley,* 21 AD3d 935 [2005], *lv denied* 6 NY3d 710 [2006]).

The Supreme Court also properly dismissed the fourth cause of action alleging unlawful discriminatory practices in violation of Executive Law § 296. "The standards for recovery under section 296 of the Executive Law are in accord with Federal stan-

dards under title VII of the Civil Rights Act of 1964" (*Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). At the outset, the plaintiffs did not allege that they were terminated under circumstances giving rise to an inference of discrimination, but asserted only a "hostile work environment" claim. The plaintiffs' factual allegations, however, fell short of establishing that the "workplace [was] permeated with discriminatory intimidation, ridicule, and insult . . . that [was] sufficiently severe or pervasive to alter the conditions of the [plaintiffs'] employment and create an abusive working environment" (*Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993] [citations and internal quotation marks omitted]; *see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 310 [2004]). Therefore, the fourth cause of action was properly dismissed.

However, the Supreme Court improperly denied that branch of the plaintiffs' motion which was for leave to replead their third cause of action to recover damages for defamation. In the complaint, as supplemented by the plaintiffs' subsequent affidavits in opposition to the defendant's motion to dismiss and in support of their motion for leave to replead, the plaintiffs alleged, inter alia, that in November and/or December of 2002, the individual defendants falsely stated, at school-wide meetings attended by the College's board members, faculty, staff, and student body—including five individuals identified by name—that the plaintiffs had been terminated for "stealing" or "embezzling" money and/or other property from the College. Such allegations are legally sufficient to state a cognizable cause of action for slander (*see Dillon v City of New York*, 261 AD2d 34, 37-38 [1999]; CPLR 3016 [a]). Under the circumstances presented, the plaintiffs should have been afforded an opportunity to replead their third cause of action (*see Imprimis Invs. v Insight Venture Mgt.*, 300 AD2d 109, 110-111 [2002]; *Adika v County of Rockland*, 96 AD2d 1025 [1983]; *cf. SRW Assoc. v Bellport Beach Prop. Owners*, 129 AD2d 328, 330-331 [1987]). Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.