STEP-MURPHY, LLC, et al., Respondents, v B&B BROTHERS REAL ESTATE CORP., Appellant. [875 NYS2d 535]—

In an action, inter alia, for a judgment declaring that a portion of certain real property owned by the defendant is subject to an easement benefitting adjacent real property owned by the plaintiff Step-Murphy, LLC, the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 12, 2006, as granted the plaintiffs' motion to compel disclosure, (2) so much of an order of the same court entered December 14, 2006 as denied its motion pursuant to CPLR 3126 to strike the complaint, (3) so much of an order of the same court entered May 3, 2007 as granted that branch of the plaintiffs' motion which was for summary judgment on the first cause of action declaring that a portion of the defendant's real property is subject to an easement benefitting the adjacent real property owned by the plaintiff Step-Murphy, LLC, for use as a parking lot containing 12 parking spaces and denied that branch of its cross motion which was for summary judgment on the third

counterclaim, and (4) so much of an order of the same court (Nicolai, J.), entered May 4, 2007, as granted the plaintiffs' motion to quash nonparty subpoenas and notices of deposition issued by the defendant and denied its cross motion, among other things, to compel discovery.

Ordered that the orders entered October 12, 2006, December 14, 2006, and May 4, 2007, respectively, are affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered May 3, 2007 is modified, on the law, by deleting the provision thereof denying that branch of the defendant's cross motion which was for summary judgment on the third counterclaim and substituting therefor a provision granting that branch of the cross motion to the extent of awarding the defendant summary judgment on so much of that counterclaim as was to recover annual payments from the plaintiff Step-Murphy, LLC, for the maintenance of 12 parking spaces and certain steps at the subject premises, as provided in a certain agreement dated October 16, 1998, and otherwise denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the complaint and the entry thereafter of a judgment, inter alia, declaring that a portion of the defendant's real property is subject to an easement benefitting the adjacent real property owned by the plaintiff Step-Murphy, LLC, for use as a parking lot containing 12 parking spaces.

The plaintiff Step-Murphy, LLC (hereinafter Step-Murphy) is the owner of a parcel of improved real property on which it operates a restaurant. The plaintiff Rutger, LLC (hereinafter Rutger) is Step-Murphy's immediate predecessor in interest. The defendant owns an adjacent parcel of improved real property, which consists of a retail shopping center, with a parking lot.

In 1986 Markatos Realtors, Inc. (hereinafter Markatos), Rutger's immediate predecessor in interest, along with Brookside Park Properties, Inc., the defendant's predecessor in interest, executed a written indenture providing, among other things, for mutual easements designating 12 parking spaces in what is now the defendant's parking lot for use by what is now the restaurant on Step-Murphy's parcel, and permitting the driveway leading to the restaurant to provide a second ingress to and egress from what is now the defendant's shopping center. The indenture also provided that the defendant's predecessor in

interest would widen and extend a driveway and construct a staircase between the parking area designated for use by what is now Step-Murphy's restaurant and the area designated for use by what is now the defendant's shopping center. The indenture recited that Markatos would maintain the driveway, the staircase, and its designated parking area. The indenture also recited that the obligations articulated therein would run with the land and bind the signatories' respective successors in interest. Although the indenture was not recorded, the defendant had knowledge of it prior to taking title to its parcel.

The indenture was modified by a letter agreement dated October 16, 1998 (hereinafter the 1998 agreement) to provide that the defendant's predecessor in interest, and its successors, would assume the responsibility of maintaining and providing snow removal services with respect to both the area containing the 12 parking spaces designated for restaurant use and from the staircase and that, in return, Markatos and its successors in interest would pay the defendant's predecessor in interest, or its successors, if applicable, the sum of $2,400 annually, with a provision for increases tied to the consumer price index.

The plaintiffs commenced this action in 2006 seeking, among other things, a judgment declaring that the indenture and the 1998 agreement created an easement benefitting Step-Murphy's parcel with respect to the 12 parking spaces, and directing the defendant to record an instrument memorializing Step-Murphy's rights. The defendant denied the material allegations of the complaint, but nevertheless counterclaimed to recover damages for, among other things, the plaintiffs' alleged breach of contract in failing to pay the sums due for maintenance and snow removal pursuant to the 1998 agreement.

"The Supreme Court is vested with broad discretion in supervising disclosure, and its determination that the sanction of dismissal is not warranted will not be disturbed absent an improvident exercise of that discretion" (*Jenkins v City of New York,* 13 AD3d 342, 342-343 [2004] [citations omitted]). Here, the Supreme Court providently exercised that discretion. The drastic remedy of striking a pleading must be supported by a clear showing that there was both a failure to comply with discovery demands and that such failure was willful and contumacious (*see Nieves v City of New York,* 35 AD3d 557, 558 [2006]; *Brandes v North Shore Univ. Hosp.,* 22 AD3d 778 [2005]; *Jenkins v City of New York,* 13 AD3d at 342). There was no such showing here.

The Supreme Court properly quashed the subpoenas and vacated the deposition notices served by the defendant on

Rutger's former attorneys. The defendant failed to make a showing sufficient to warrant disclosure from a nonparty (*see* CPLR 3101 [a] [4]; *Tenore v Tenore,* 45 AD3d 571 [2007]; *Matter of Lutz v Goldstone,* 31 AD3d 449 [2006]). Furthermore, the information sought by the defendant with respect to the legal representation provided to Rutger is privileged and/or constitutes nondisclosable attorney work product (*see* CPLR 3101 [b], [c]; *Bluebird Partners v Bank of N.Y.,* 258 AD2d 373 [1999]).

The Supreme Court correctly granted that branch of the plaintiffs' motion which was for summary judgment on the first cause of action declaring that the defendant's parcel is subject to an easement benefitting Step-Murphy's parcel for use as a parking lot containing 12 parking spaces. When the parties to an agreement set forth the terms of that agreement in a clear and complete document, the agreement should be enforced according to its terms (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]; *Cuomo v Mahopac Natl. Bank,* 5 AD3d 621, 622 [2004]; *Matter of Korsinsky v Tax Commr., City of N.Y.,* 300 AD2d 306 [2002]). Here, the plaintiffs established their entitlement to judgment as a matter of law on the first cause of action by demonstrating that the indenture and the 1998 agreement clearly created mutual easements. In opposition, the defendant failed to raise a triable issue of fact.

The Supreme Court erred, however, in denying as untimely that branch of the defendant's cross motion which was for summary judgment on the third counterclaim, which sought to recover damages for breach of the 1998 agreement, arising from the plaintiffs' alleged failure to pay it for maintenance and snow removal services pursuant thereto. The trial readiness order, dated March 1, 2007, directed that any motion for summary judgment be made within 30 days of the filing of the note of issue. The note of issue was filed on March 9, 2007. The plaintiffs made a timely motion for summary judgment on March 29, 2007, among other things, with respect to the existence of the easement and directing that the easement be recorded. The defendant cross-moved on or about April 13, 2007 for summary judgment declaring that its property was not burdened by the easement claimed by the plaintiffs, and on the third counterclaim to recover money allegedly owed to it for the maintenance of and provision of snow removal services with respect to its property pursuant to the same 1998 agreement that the plaintiffs sought to enforce. Although the defendant's cross motion was submitted a few days beyond the time prescribed by the Supreme Court for the submission of such motions, "an untimely motion or cross motion for summary judgment may be

considered by the court where, as here, a timely motion for summary judgment was made on nearly identical grounds" (*Grande v Peteroy,* 39 AD3d 590, 591-592 [2007] [citation omitted]; *see Joyner-Pack v Sykes,* 54 AD3d 727, 728 [2008]; *Ellman v Village of Rhinebeck,* 41 AD3d 635, 636 [2007]).

The Supreme Court should therefore have entertained the defendant's cross motion and, upon addressing the merits of that motion, should have granted it. The defendant established its entitlement to judgment as a matter of law by demonstrating that the 1998 agreement provided that it was entitled to receive the annual payments from the plaintiff Step-Murphy, LLC, in consideration for its maintenance of and provision of snow removal services with respect to the 12 parking spaces and the staircase. The plaintiffs failed to raise a triable issue of fact in opposition to the defendant's showing in this regard.

The defendant's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that a portion of the defendant's real property is subject to an easement benefitting the adjacent real property owned by the plaintiff Step-Murphy, LLC, for use as a parking lot containing 12 parking spaces (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur.