STEP-MURPHY, LLC, et al., Respondents, v B&B BROTHERS REAL ESTATE CORP., Appellant. [875 NYS2d 533]—

In an action, inter alia, for a judgment declaring that a portion of certain real property owned by the defendant is subject to an easement benefitting adjacent real property owned by the plaintiff Step-Murphy, LLC, the defendant appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered October 5, 2007, which granted the plaintiffs' motion to compel it to execute an easement for recording.

Ordered that the order is modified, on the law, by adding thereto a provision directing that the easement to be recorded shall recognize and include the terms of a certain letter agreement between Kear Street Properties, Inc., and Markatos Realtors, Inc., dated October 16, 1998, amending the indenture between Brookside Park Properties, Inc., and Markatos Realtors, Inc., dated May 7, 1986, which created the easement; as so modified, the order is affirmed, with one bill of costs to the respondents.

In a companion appeal (*see Step-Murphy, LLC v B&B Bros. Real Estate Corp.*, 60 AD3d 841 [decided herewith]), we hold that the Supreme Court correctly determined that in 1986 the parties' predecessors in interest executed an indenture providing that a portion of what is now the defendant's real property is subject to an easement benefitting adjacent real property now owned by the plaintiff Step-Murphy, LLC, permitting that plaintiff to use that portion of the property for 12 parking spaces. In our decision and order on the companion appeal, we further hold that the parties' predecessors in interest had modified the indenture in 1998 pursuant to a letter agreement (hereinafter the 1998 agreement) to require the defendant and its predecessors to maintain and remove snow from those 12 parking spaces and a nearby staircase in return for the payment by the plaintiff of a specified sum.

Under the circumstances, the Supreme Court correctly determined that the defendant was required to execute an easement for recording. In light of our determination in the companion appeal, the easement to be recorded must include the terms of the 1998 agreement.

The defendant's remaining contention is without merit. Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur.