In an action to recover damages for personal injuries, etc., the defendant Pacific Lawn Sprinklers, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered May 4, 2009, as denied those branches of its motion which were for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 240 (1) insofar as asserted against it and the cross claim for contractual indemnification asserted against it *504 by the defendant 22-24 129th Street, LLC, and the defendant 22-24 129th Street, LLC, cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 240 (1) insofar as asserted against it and on its cross claim for contractual indemnification insofar as asserted against the defendant Pacific Lawn Sprinklers, Inc.
Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant Pacific Lawn Sprinklers, Inc., which was for summary judgment dismissing the cross claim for contractual indemnification asserted against it by the defendant 22-24 129th Street, LLC, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying, as premature, that branch of the cross motion of the defendant 22-24 129th Street, LLC, which was for summary judgment on its cross claim for contractual indemnification insofar as asserted against the defendant Pacific Lawn Sprinklers, Inc., and substituting therefor a provision denying that branch of the cross motion on the merits; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiffs and the defendant Pacific Lawn Sprinklers, Inc., payable by the defendant 22-24 129th Street, LLC, and one bill of costs to the plaintiff, payable by the defendant Pacific Lawn Sprinklers, Inc.
The plaintiff Michael D’Alto, Jr. (hereinafter the injured plaintiff), alleges that he was injured when he fell while climbing down from the top of a cement truck parked near the entrance of a construction site located on property owned by the defendant 22-24 129th Street, LLC (hereinafter 129th Street), and leased to the defendant Pacific Lawn Sprinklers, Inc. (hereinafter PLS). Just prior to the accident, the injured plaintiff had completed the preparations needed for delivering the cement mixture in the truck to the work site. The lease between 129th Street and PLS contains, in pertinent part, an indemnification clause providing that 129th Street “shall not be liable for any damages or injury to [PLS], or any other person, or to any property, occurring on the demised premises or any part thereof, and [PLS] agrees to hold [129th Street] harmless from any claim for damages, no matter how caused.”
The injured plaintiff, and his wife suing derivatively, commenced this action against 129th Street, Pacific Lawn Sprinklers, LLC (hereinafter PLS LLC), Pacific Lawn Sprinklers Franchise, LLC (hereinafter PLS Franchise), and PLS, seeking *505 to recover damages for common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). PLS Franchise moved, PLS and PLS LLC each separately moved, and 129th Street cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. In its motion, PLS also sought summary judgment dismissing the cross claims asserted against it by 129th Street. In its cross motion, 129th Street also sought summary judgment on its cross claims for common-law and contractual indemnification insofar as asserted against PLS. The Supreme Court granted those branches of the defendants’ respective motions and cross motion which were for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241 (6) causes of action, but denied those branches of the motions and cross motion which were for summary judgment dismissing the Labor Law § 240 (1) cause of action. The Supreme Court also denied, as premature, that branch of 129th Street’s cross motion which was for summary judgment on its cross claim for contractual indemnification insofar as asserted against PLS, and denied that branch of PLS’s motion which was for summary judgment dismissing that cross claim. PLS appeals from so much of the order as denied those branches of its cross motion which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it and the cross claim for contractual indemnification asserted against it by 129th Street. 129th Street cross-appeals from so much of the order as denied those branches of its cross motion which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it and on its cross claim for contractual indemnification insofar as asserted against PLS. We modify.
The Supreme Court properly denied that branch of PLS’s motion and that branch of 129th Street’s cross motion which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against each of them. Preliminarily, Labor Law § 240 (1) “ ‘ “is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed” ’ ” (Rocovich v Consolidated Edison Co., 78 NY2d 509, 513 [1991], quoting Koenig v Patrick Constr. Co., 298 NY 313, 319 [1949], quoting Quigley v Thatcher, 207 NY 66, 68 [1912]; see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520-521 [1985]), namely, “to protect construction workers not from routine workplace risks, but from the pronounced risks arising from construction work site elevation differentials” (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]; see Lombardi v Stout, 80 NY2d 290, 296 [1992]). “That the par *506 ticular work was being performed at a distance from the site of immediate construction is of no consequence, as it is certain that the work was necessitated by virtue of the [cement being prepared for use] in the construction [site] and was incidental to its movement [to] the construction area” (Struble v John Arborio, Inc., 74 AD2d 55, 57 [1980]; cf. Koch v E.C.H. Holding Corp., 248 AD2d 510 [1998]). Moreover, the injured plaintiffs entrance to the work site was delayed by the instruction that he wait in the cement truck in line with other trucks. While waiting, he prepared the cement for use at the work site. Since, at the time of the accident, the injured plaintiff had been preparing the cement mixture in his truck for immediate delivery to the work site approximately 100 feet away, an activity necessary and incidental to the alteration work occurring at the work site, his accident is within the purview of Labor Law § 240 (1) (see Lombardi v Stout, 80 NY2d at 296; Johnson v Rapisarda, 262 AD2d 365 [1999]; Struble v John Arborio, Inc., 74 AD2d at 57). Accordingly, we reject the contention of both PLS and 129th Street that the injured plaintiffs accident is, as a matter of law, outside of the protections of Labor Law § 240 (1) because he was approximately 100 feet away from the work site when the accident occurred and those defendants, thus, failed to establish their prima facie entitlements to judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action insofar as asserted against each of them. Consequently, we need not consider the sufficiency of the plaintiffs’ opposition papers.
In addition, PLS and 129th Street failed to establish, prima facie, that the injured plaintiff was negligent, and that any such negligence on his part was the sole proximate cause of the accident (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]).
However, contrary to the Supreme Court’s determination, PLS was entitled to summary judgment dismissing 129th Street’s cross claim for contractual indemnification insofar as asserted against it. A lease is a contract (see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]; Genovese Drug Stores, Inc. v William Floyd Plaza, LLC, 63 AD3d 1102, 1103 [2009]). “[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms” (WWW Assoc, v Giancontieri, 77 NY2d 157, 162 [1990]; see R/S Assoc, v New York Job Dev. Auth., 98 NY2d 29, 32 [2002]; Step-Murphy, LLC v B&B Bros. Real Estate Corp., 60 AD3d 841, 844 [2009]).
Here, the subject lease specifically describes the demised *507 premises as “22-42 129th Street” in College Point, Queens. The lease’s indemnification clause provides, in pertinent part, that 129th Street “shall not be liable for any . . . injury to . . . any [ ] person ... on the demised premises or any part thereof ’ (emphasis added). Clearly, the reference to “demised premises or any part thereof’ in the indemnification clause unambiguously refers to “22-42 29th Street” in College Point, Queens. Moreover, at the time of the accident, it is undisputed that the injured plaintiff was not on the demised premises or any part thereof, but was approximately 100 feet therefrom, preparing cement for delivery to the work site located on the demised premises. Upon our consideration of the lease’s description of the demised premises and its indemnification clause, we conclude that PLS established its prima facie entitlement to judgment as a matter of law by demonstrating that the injured plaintiff was not “on the demised premises or any part thereof.” Since 129th Street failed to raise a triable issue of fact in opposition, the Supreme Court should have granted that branch of PLS’s motion which was for summary judgment dismissing the cross claim for contractual indemnification asserted against it by 129th Street, and should have denied, on the merits, that branch of 129th Street’s cross motion which was for summary judgment on its cross claim for contractual indemnification insofar as asserted against PLS.
Given the liberal construction afforded Labor Law § 240 (1) (see Rocovich v Consolidated Edison Co., 78 NY2d at 513; Zimmer v Chemung County Performing Arts, 65 NY2d at 520-521), in order to effectuate the statute’s purpose of “protect[ing] construction workers. . . from the pronounced risks arising from construction worksite elevation differentials” (Runner v New York Stock Exch., Inc., 13 NY3d at 603), in contrast to the strict interpretation afforded unambiguous contractual terms agreed upon by parties (see R/S Assoc, v New York Job Dev. Auth., 98 NY2d at 32; WWW Assoc, v Giancontieri, 77 NY2d at 162; Step-Murphy, LLC v B&B Bros. Real Estate Corp., 60 AD3d at 844), we discern no conflict between our determination that the injured plaintiffs accident is covered under Labor Law § 240 (1) even though he was not actually on the work site, and our determination that the indemnification clause of the lease between 129th Street and PLS is not applicable because the injured plaintiff was not on the “demised premises or any part thereof’ at the time of the accident.
Finally, because the Supreme Court did not decide those branches of PLS’s motion and 129th Street’s cross motion for summary judgment which were addressed to 129th Street’s *508 cross claim for common-law indemnification insofar as asserted against PLS, those branches of the motion and cross motion remain pending and undecided. Accordingly, PLS’s arguments with respect to that issue are not properly before this Court (see Katz v Katz, 68 AD2d 536 [1979]). Mastro, J.P, Covello, Eng and Belen, JJ., concur.