■ EUGENE VAN DYKE et al., Appellants, v SKANSKA USA CIVIL NORTHEAST, INC., Respondent. [921 NYS2d 544]—

In an action to recover damages for personal injures, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Lebowitz, J.), dated September 10, 2010, as granted the defendant's motion for summary judgment dismissing the complaint and, in effect, denied those branches of the plaintiffs' cross motion which were for summary judgment on its cause of action pursuant to Labor Law § 241 (6) and to compel discovery.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

The Supreme Court erred in entertaining the motion of the defendant for summary judgment dismissing the complaint, which was made returnable over 30 days beyond the deadline fixed by the Supreme Court in a so-ordered stipulation, where the defendant failed to demonstrate good cause for the delay (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Anderson v Kantares*, 51 AD3d 954 [2008]; *Tower Ins. Co. of N.Y. v Razy Assoc.*, 37 AD3d 702, 703-704 [2007]; *Espejo v Hiro Real Estate Co.*, 19 AD3d 360, 361 [2005]; *see also Jackson v Jamaica First Parking, LLC*, 49 AD3d 501 [2008]; *Smith v Nameth*, 25 AD3d 599, 600 [2006]). Moreover, that branch of the plaintiffs' subsequent cross motion which was for summary judgment did not provide the requisite good cause to review the defendant's untimely motion because the plaintiffs failed to demonstrate good cause for their tardy cross motion, inter alia, for summary judgment (*cf. Step-Murphy, LLC v B&B Bros. Real Estate Corp.*, 60 AD3d 841, 844 [2009]; *Rodriguez v Sequoia Prop. Mgt. Corp.*, 24 Misc 3d 822, 824 [2009]). The discovery which the plaintiffs claimed was outstanding was not relevant to the plaintiffs' cross motion, inter alia, for summary judgment and therefore was not a basis to establish good cause for the

untimely cross motion (see *Anderson v Kantares*, 51 AD3d 954 [2008]; *Tower Ins. Co. of N.Y. v Razy Assoc.*, 37 AD3d at 703-704; *Jackson v Jamaica First Parking, LLC*, 49 AD3d 501 [2008]; cf. *Step-Murphy v B&B Bros. Real Estate Corp.*, 60 AD3d at 844; *Rodriguez v Sequoia Prop. Mgt. Corp.*, 24 Misc 3d at 824). Accordingly, the Supreme Court erred in reaching the merits of the defendant's motion for summary judgment (see *Brill v City of New York*, 2 NY3d at 650; *Anderson v Kantares*, 51 AD3d 954 [2008]).

The plaintiffs' remaining contention is without merit. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.