*961 In an action to recover damages for personal injuries, (1) the defendants 666 Old Country Road, LLC, and Sutton & Edwards Management, LLC, appeal from so much of an order of the Supreme Court, Queens County (Brathwaite-Nelson, J.), dated May 10, 2011, as denied, as untimely, that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Nouveau Elevator Industries, Inc., separately appeals, as limited by its brief, from so much of the same order as denied, as untimely, that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, and denied its separate motion to extend its time to move for summary judgment nunc pro tunc, and (2) the defendant Sutton & Edwards Management, LLC, appeals from so much of an order of the same court dated July 1, 2011, as granted that branch of the plaintiffs motion which was to strike its answer based on spoliation of evidence.
Ordered that the order dated May 10, 2011, is affirmed insofar as appealed from; and it is further,
Ordered that the order dated July 1, 2011, is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiffs motion which was to strike the answer of the defendant Sutton & Edwards Management, LLC, and substituting therefor a provision granting that branch of the motion only to the extent of directing that an adverse inference charge be given at trial against that defendant with respect to the video recording of the underlying accident; as so modified, the order dated July 1, 2011, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants appearing separately and filing separate briefs.
That branch of the motion of the defendants 666 Old Country Road, LLC (hereinafter Old Country Road), and Sutton & Edwards Management, LLC (hereinafter Sutton & Edwards), which was for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the cross motion of the defendant Nouveau Elevator Industries, Inc. (hereinafter Nouveau), which was for summary judgment dismissing the complaint insofar as asserted against it, were untimely (see Buffolino v City of New York, 92 AD3d 633 [2012]; Hernandez v 35-55 73rd St., LLC, 90 AD3d 709, 709-710 [2011]; Van Dyke v Skanska USA Civ. Northeast, Inc., 83 AD3d 1049 *962 [2011]). Old Country Road and Sutton & Edwards, and Nouveau, failed to demonstrate “good cause” for their respective delays in moving for summary judgment (CPLR 3212 [a]; see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726 [2004]; Brill v City of New York, 2 NY3d 648, 652 [2004]). Accordingly, the Supreme Court properly denied, as untimely, that branch of the motion of Old Country Road and Sutton & Edwards which was for summary judgment dismissing the complaint insofar as asserted against them, and that branch of Nouveau’s cross motion which was for summary judgment dismissing the complaint insofar as asserted against it (see Buffolino v City of New York, 92 AD3d at 633; Hernandez v 35-55 73rd St., LLC, 90 AD3d at 709-710).
The Supreme Court has broad discretion in determining sanctions for spoliation of evidence (see Mendez v La Guacatala, Inc., 95 AD3d 1084, 1085 [2012]). The party requesting sanctions for spoliation of evidence has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and fatally compromised the movant’s ability to prove a claim or defense (see id.). Here, although the plaintiff demonstrated that Sutton & Edwards intentionally or negligently disposed of the video recording of the underlying accident, her ability to prove her case without that recording was not fatally compromised (see id.). Accordingly, the Supreme Court improvidently exercised its discretion in striking Sutton & Edwards’s answer on that basis. Under the circumstances of this case, the appropriate sanction is to direct that an adverse inference charge be issued at trial against Sutton & Edwards with respect to the unavailable recording (id. at 1085-1086; see Barone v City of New York, 52 AD3d 630, 631 [2008]).
The defendants’ remaining contentions are without merit. Mastro, A.PJ., Skelos, Florio and Hall, JJ., concur.