■ EMANUEL PRINCE, Respondent, v WILLIAM STREET REALTY CORPORATION et al., Appellants. (And a Third-Party Action.) — In an action to recover broker-age commissions, defendants appeal from an order of the Supreme Court, Kings County (Aronin, J.), entered December 11, 1980, which denied their motion for summary judgment. Order affirmed, with $50 costs and disburse-ments. Plaintiff's affidavit in opposition to defendants' motion, considered together with his verified bill of particulars, raises triable issues of fact as to whether an oral brokerage agreement was entered into during the period of July through December, 1977, whether plaintiff introduced Hyland to defen-dants and whether defendants availed themselves knowingly of the fruits of plaintiff's alleged postoral agreement actions (see *Sibbald v Bethlehem Iron Co.,* 83 NY2d 378, 380-381). Lazer, J. P., Gulotta, Margett and Bracken, JJ., concur.

■ BETTY SHAPIRO, Respondent, v RUBIN N. SHAPIRO, Appellant. — In a divorce action, the defendant appeals from an order of the Supreme Court, Rockland County (Daronco, J.), entered September 9, 1980, which denied his motion to dismiss the second cause of action for legal insufficiency. Order reversed, on the law, without costs or disbursements, and defendant's motion granted. Absent factual allegations in plaintiff's second cause of action demon-strating that because of either mutual mistake, mistake and fraud, or inherent ambiguity, the separation agreement failed to express the intent of the parties concerning child support, it was insufficient on its face to state a cause of action for child support "in accordance with the financial circumstances of the defendant by *modifying* the support provisions of the Separation Agreement dated July 16, 1975" (emphasis supplied). Where, as here, the plaintiff seeks a direction in the judgment of divorce for child support in excess of the amount provided for in the separation agreement by reason of unanticipated change in circumstances and the concomitant need of the child, such relief may be applied for, as an incident of the divorce action, by motion on notice upon plaintiff's affidavit containing a factual showing that since the execution of the separation agreement there has been "an unanticipated and unreasonable change in circumstances" showing a need on the part of the child *(Matter of Boden v Boden,* 42 NY2d 210, 213). Upon such application, contrary to the determination of Special Term, the burden of proof is upon the plaintiff to establish that the provisions for child support contained in the separation agreement are inadequate to furnish the daily needs of the child, that the defendant's present financial circumstances have substantially improved since the time when the agreement was made, and that an appropriate increase in child support should be directed in the judgment, pursuant to subdivision 1 of section 240 of the Domestic Relations Law (see *Pournaras v Pournaras,* 75 AD2d 546). Mangano, J. P., Gibbons, Cohalan and O'Connor, JJ., concur.

■ TOWN OF HAVERSTRAW, Appellant, v ROCKLAND COUNTY PATROLMEN'S BENEVOLENT ASSOCIATION, INC., Respondent. — Appeal from a judgment of the Supreme Court, Rockland County (Daronco, J.), entered July 15, 1980, dis-missed, without costs or disbursements. Said judgment was superseded by an order entered September 10, 1980, which is brought up for review upon appeal from the judgment. Order entered September 10, 1980, affirmed, insofar as reviewed, without costs or disbursements. No opinion. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.