■ JANIS STEIGMAN, Appellant, v FREDERIC N. STEIGMAN, Respondent.—In a matrimonial action, plaintiff wife appeals from an order of the Supreme Court, Putnam County (Jiudice, J.), dated September 11, 1984, which, *inter alia,* granted defendant husband's motion to compel her to comply with a stipulation of settlement and judgment of divorce by directing that the marital residence be immediately placed on the market for sale, and denied plaintiff's cross motion to modify the judgment of divorce.

Order affirmed, with costs.

Shortly before their divorce, the parties entered into a stipulation of settlement in open court with the assistance of independent counsel. The stipulation was not merged in the judgment. The stipulation and divorce judgment provided for joint custody of the two minor children, support and maintenance payable by the defendant, and the occupancy and eventual sale of the marital residence. Defendant moved to compel plaintiff to comply with the terms of the stipulation and decree by placing the marital residence on the market for sale. Plaintiff cross-moved for a modification of the judgment of divorce, seeking an extension of time during which she and the children could enjoy exclusive occupancy of the marital residence, an increase in child support payments, and sole custody of the two children.

Special Term properly granted defendant's motion, since plaintiff had failed to comply with the provisions of the stipulation and judgment. Plaintiff's cross motion was properly denied. Plaintiff failed to demonstrate any change in circumstances which would warrant an upward modification of child support payments (*see, Schwartz v Schwartz*, 90 AD2d

498; *Shapiro v Shapiro,* 84 AD2d 534). There has also been no showing that a change in custody would be in the children's best interests (*see, Eschbach v Eschbach,* 56 NY2d 167).

In this case, in which the judgment of divorce was entered pursuant to a stipulation and there was no opportunity to otherwise resolve issues relating to contested title, Special Term correctly refused plaintiff's request that her ownership of the marital furniture and furnishings be confirmed by the court (*Foster v Foster,* 99 AD2d 284; *cf. Rakowski v Rakowski,* 109 AD2d 1). Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.