■ WHITE PLAINS TOWING CORP., Doing Business as DON'S TOWING, et al., Appellants, v STATE OF NEW YORK, Respondent.—In a claim to recover damages for breach of contract, the claimants appeal from a judgment of the Court of Claims (Lengyel, J.), entered April 11, 1990, which dismissed the claim.

Ordered that the judgment is affirmed, with costs.

On appeal, the claimants contend, *inter alia,* that the Court of Claims erred in rejecting their attempt to utilize the verified bill of particulars as evidence-in-chief establishing

that the State had breached the subject contract. It is elementary that the purposes of a bill of particulars are to amplify pleadings, limit proof, and prevent surprise at trial *(see, Scott v General Motors Corp.,* 117 AD2d 662). The factual allegations within a bill of particulars do not constitute affirmative proof and, thus, may not be used for that purpose *(see, Matter of Court & Remsen Bldg. Corp. [Pollack],* 303 NY 358, 360; *Morell v Saratoga Harness Racing,* 44 AD2d 884, 885; *see also,* 84 NY Jur 2d, Pleading, § 335). In addition, contrary to the claimant's contentions, the bill of particulars was not admissible as a past recollection recorded because it was not prepared "contemporaneously with the occurrence of the facts recited" *(People v Caprio,* 25 AD2d 145, 150). Accordingly, since the only evidence of breach proffered by the claimants was not admissible as evidence-in-chief, the Court of Claims properly dismissed their claim. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.