JUDY JOHNSON, Respondent, v PECONIC DINER et al., Appellants, et al., Defendant. [818 NYS2d 543]—

In an action, inter alia, to recover damages for personal injuries, the defendants Peconic Diner and Kolpo's Corp., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated July 6, 2005, as denied those branches of their motion which were for leave to make a late motion for summary judgment and, thereupon, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's decedent, Salvatore Carbone, allegedly was injured on January 22, 2001 when he slipped on ice and snow while leaving the appellants' diner. A note of issue was filed on April 13, 2004. The appellants moved for summary judgment more than five months later on September 21, 2004.

Where, as here, no deadline is set by the court for the making of summary judgment motions, no such motion may be made more than 120 days after the filing of the note of issue "except with leave of court on good cause shown" (CPLR 3212 [a]; *see Brill v City of New York*, 2 NY3d 648 [2004]). The appellants' only explanation for the delay here was, in effect, their need to conduct further discovery in order to establish that a certain out-of-court declaration allegedly made by the decedent to the plaintiff regarding the exact location of the accident was inadmissible. Specifically, at her June 11, 2003 deposition, the plaintiff testified that the decedent had told her, on the day of the accident, that he had slipped on "ice and snow" on the "sidewalk" and "stairs" outside the appellants' diner. By contrast, the appellants' president, Angelo Stavropoulos, testified at his deposition that he observed the decedent shortly after his fall, sitting on the ground in the parking lot area, approximately 15 or 20 feet from the exit of the diner.

For the purposes of the appellants' motion for summary judgment, however, whether the plaintiff's hearsay testimony as to the precise location of the decedent's unwitnessed accident falls

within a recognized exception to the hearsay rule is of no moment. In a verified bill of particulars, the decedent himself stated that the accident took place "on the sidewalk in front of the front steps leading to the subject premises diner," when he "slipped and fell on ice" upon descending from the steps to the curb. Although factual allegations contained in a verified bill of particulars may not constitute affirmative evidence admissible at trial (*see White Plains Towing Corp. v State of New York*, 187 AD2d 503 [1992]), such evidence may be considered in opposition to a motion for summary judgment (*see David v New York City Hous. Auth.*, 284 AD2d 169, 170 [2001]; *Prince v William St. Realty Corp.*, 84 AD2d 534 [1981]). Thus, for summary judgment purposes, the delay occasioned by the appellants' alleged need to conduct further discovery did nothing to resolve any disputed issues of fact as to the precise location of the accident.

Since the appellants failed to demonstrate good cause for the delay, that branch of the motion which was for leave to make a late motion for summary judgment was properly denied (*see Brill v City of New York, supra*).

In light of our determination, we do not address the appellants' remaining contentions. Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.