■ Tower Insurance Company of New York, Appellant, v Razy Associates et al., Respondents, et al., Defendants. [830 NYS2d 726]—

In an action for a judgment declaring that the plaintiff has no duty to defend or indemnify the defendants Razy Associates, Abraham Rosenthal, Haim Aharonoff, Morris Zakheim, and Venezia Zakheim in an underlying personal injury action entitled *Levi v Razy Assoc.*, pending in the Supreme Court, New

York County, under index No. 107089/03, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated March 3, 2006, as denied its motion for leave to make a late motion for summary judgment and, thereupon, for summary judgment declaring that the plaintiff has no duty to defend or indemnify the above-named defendants in the underlying action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court ordered the defendant Jeffrey Rosenthal to appear for a deposition by October 25, 2004 and directed the plaintiff to file a note of issue by January 21, 2005. Although the plaintiff filed its note of issue as ordered, its attempts to schedule Rosenthal's deposition were unsuccessful. On or about April 4, 2005 the plaintiff moved to preclude the defendants from offering evidence at trial and to strike their answer, and the court ordered that Rosenthal's answer would be stricken unless he appeared for a deposition on July 21, 2005. Rosenthal was deposed on July 21, 2005 and the plaintiff moved for summary judgment on or about October 20, 2005.

The plaintiff failed to demonstrate good cause for moving for summary judgment approximately nine months after the filing of the note of issue. "Where, as here, no deadline is set by the court for the making of summary judgment motions, no such motion may be made more than 120 days after the filing of the note of issue 'except with leave of court on good cause shown' " (*Johnson v Peconic Diner*, 31 AD3d 387, 387, quoting CPLR 3212 [a]). "Good cause" requires a satisfactory explanation for the untimeliness of the motion (*see Brill v City of New York*, 2 NY3d 648, 652 [2004]). A late motion is not permitted simply because it has merit and the adversary is not prejudiced (*see Brill v City of New York, supra*; *see also Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726-727 [2004]).

Significant outstanding discovery may, in certain circumstances, constitute good cause for the delay in making a motion for summary judgment (*see Czernicki v Lawniczak*, 25 AD3d 581, 581-582 [2006]). Here, however, Rosenthal's testimony was not essential to the motion because the plaintiff cited it only for minor background details (*see Johnson v Peconic Diner, supra; see also Espejo v Hiro Real Estate Co.*, 19 AD3d 360, 361 [2005]; *First Union Auto Fin., Inc. v Donat*, 16 AD3d 372, 373 [2005]; *compare Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 129 [2000]; *Smith v Nameth*, 25 AD3d 599, 600 [2006]; *Kunz v Gleeson*, 9 AD3d 480, 481 [2004]). Additionally, the plaintiff did not account for a portion of the delay of approximately three

months between Rosenthal's deposition and the making of the motion for summary judgment (*see Espejo v Hiro Real Estate Co., supra* at 361; *see also Perini Corp. v City of New York [Department of Envtl. Protection],* 16 AD3d 37, 40 [2005]). Accordingly, the court properly denied the plaintiff leave to make a late motion for summary judgment.

In light of our determination, we need not reach the plaintiff's remaining contentions. Rivera, J.P., Santucci, Skelos and McCarthy, JJ., concur.