GREENPOINT PROPERTIES, INC., Appellant, v JEFFREY CARTER, Respondent. [919 NYS2d 370]—

The Supreme Court erred by, in effect, granting that branch of the defendant's motion which was for leave to serve and file a late motion for summary judgment, since the defendant failed to demonstrate good cause for not timely serving the motion as required by CPLR 3212 (a) (*see Brill v City of New York*, 2 NY3d 648 [2004]). "Significant outstanding discovery may, in certain

circumstances, constitute good cause for the delay in making a motion for summary judgment" (*Tower Ins. Co. of N.Y. v Razy Assoc.*, 37 AD3d 702, 703 [2007]; *see Grochowski v Ben Rubins, LLC*, 81 AD3d 589 [2011]; *Kung v Zheng*, 73 AD3d 862, 863 [2010]; *Richardson v JAL Diversified Mgt.*, 73 AD3d 1012, 1012-1013 [2010]; *McArdle v 123 Jackpot, Inc.*, 51 AD3d 743, 745 [2008]; *Sclafani v Washington Mut.*, 36 AD3d 682, 682 [2007]). Here, however, contrary to the defendant's contention, the discovery outstanding at the time the note of issue was filed was not essential to his motion (*see Tower Ins. Co. of N.Y. v Razy Assoc.*, 37 AD3d at 703). In the absence of a showing of good cause for the delay in filing a motion for summary judgment, "the court has no discretion to entertain even a meritorious, nonprejudicial motion for summary judgment" (*John P. Krupski & Bros., Inc. v Town Bd. of Town of Southold*, 54 AD3d 899, 901 [2008]; *see Brill v City of New York*, 2 NY3d at 652). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for leave to serve and file a late motion for summary judgment, and otherwise denied the motion as academic.

In light of our determination, we do not reach the parties' remaining contentions. Florio, J.P., Dickerson, Leventhal and Belen, JJ., concur.