■ BARGIL ASSOCIATES, LLC, Appellant, v ELSA CRITES, as Personal Representative of the Estate of RAY CRITES, Deceased,

Respondent. [24 NYS3d 119]—In an action, inter alia, for a judgment declaring the parties' respective rights under a certain contract dated August 8, 2007, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered April 3, 2014, which denied its motion, inter alia, pursuant to CPLR 3211 (a) to dismiss the defendant's counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) to dismiss the defendant's counterclaims, and substituting therefor a provision granting that branch of the motion without prejudice; as so modified, the order is affirmed, with costs to the plaintiff.

This action is premised upon a certain contract between the plaintiff and Ray Crites (hereinafter the decedent) dated August 8, 2007. The decedent died in May 2008, and a South Carolina probate court appointed the defendant as the personal representative of the decedent's estate. In September 2008, the plaintiff commenced this action against the defendant as the personal representative of the decedent's estate. Several years later, by order dated March 11, 2011, the Supreme Court granted the defendant's motion to amend the answer to assert three counterclaims. However, on October 28, 2009, prior to the time the defendant moved for this relief, the South Carolina probate court terminated the defendant's appointment as the personal representative of the decedent's estate and closed the estate. These circumstances were not known to all counsel, the plaintiff, and the Supreme Court at the time the defendant's motion was made and granted, and the plaintiff's counsel did not become aware of these circumstances until the eve of trial in this action. At that time, the plaintiff moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the counterclaims.

We agree with the plaintiff, that under the above-noted circumstances, pursuant to applicable South Carolina law, the defendant lacked the authority to assert the subject counterclaims. This is so because, at the time the defendant successfully moved to amend her answer to assert the counterclaims, her appointment as the personal representative of the decedent's estate had been terminated and the estate had been closed (see SC Code Ann § 62-3-608). Although the South Carolina probate court reappointed the defendant as the personal representative of the decedent's estate after the plaintiff made its present motion to dismiss the counterclaims and before the defendant submitted her opposition papers, such reappointment constituted a subsequent administration,

which has no nunc pro tunc effect and does not relate back to the initial appointment (see SC Code Ann §§ 62-3-608, 62-3-1008; *Cockcroft v Airco Alloys, Inc.*, 276 SC 184, 277 SE2d 587 [1981]; *Glenn v E.I. DuPont De Nemours & Co.*, 254 SC 128, 174 SE2d 155 [1970]; *Khader v Meadows*, 2005 WL 5621384 [SC Ct Common Pleas, June 27, 2005, No. 05-CP-40-0498]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) to dismiss the defendant's counterclaims without prejudice.

The plaintiff's remaining contentions raised in points III and IV of its brief are without merit. Dillon, J.P., Austin, Roman and Barros, JJ., concur.