345 E. 69th St. Owners Corp. v Platinum First Cleaners, Inc. (2018 NY Slip Op 00892)





345 E. 69th St. Owners Corp. v Platinum First Cleaners, Inc.


2018 NY Slip Op 00892


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Gische, J.P., Kapnick, Oing, Moulton, JJ.


651505/15 5108A 5108

[*1] 345 East 69th Street Owners Corp., et al., Plaintiffs-Respondents,
v
Platinum First Cleaners, Inc., doing business as Splendid Cleaners, et al., Defendants, Kenneth Huang, Defendant-Appellant.


Law Office of Mark Krassner, New York (Mark Krassner of counsel), for appellant.
Press Koral LLP, New York (Matthew J. Press of counsel), for respondents.



Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered November 29, 2016, awarding plaintiffs damages as against defendant Kenneth Huang, unanimously modified, on the law, to reduce the award of lost rent from $196,811.88 to $124,811.88 and vacate the award for real estate escalation charges, and otherwise affirmed, without costs. The Clerk is directed to enter an amended judgment accordingly. Appeal from order, same court and Justice, entered on or about November 23, 2016, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff is a cooperative corporation. Defendant Kenneth Huang is a personal guarantor under a commercial sublease, in which plaintiff is the landlord. This action seeks damages against him after the subtenant prematurely vacated the demised premises. Partial summary judgment was granted on the issue of liability and, following a trial on damages, a judgment in the amount of $343,054.30 was entered against Huang. On this appeal Huang argues that the damages were incorrectly awarded on inadmissible, incompetent evidence. We agree in part.
The trial court awarded damages consisting of $196,811.88 representing lost rent over the remainder of the sublease, $48,922.68 in real estate escalation charges, $5,694.18 for the cost of a new sign, $12,300 representing the costs of preparing the demised premises for rerental, and $21,204 representing the proportional real estate broker's fee for obtaining a new tenant. The court also awarded plaintiff $15,000, representing the reasonable attorneys fees attributable to the prosecution of this action. We modify the damages to reduce the amount for lost rent to $124,811.88 and to vacate the award for real estate escalation charges. The award of damages is in all other respects affirmed. The only witnesses who testified at trial were Larry Kopp and Rahol Sharma, respectively the president and treasurer of plaintiff's board of directors. Huang correctly argues that neither witness established that the records on which they relied to prove damages were plaintiff's business records (see CPLR 4518; People v Kennedy, 68 NY2d 569 [1986]). Nonetheless, the court was entitled to credit the testimony each witness gave concerning matters about which they had personal knowledge (see Tafari v Fisher, 94 AD3d 1324, 1325 [3d Dept 2012], lv denied 19 NY3d 807 [2012]; People v Baier, 73 AD2d 649, 650 [2nd Dept 1979]); Voisin v Commercial Mut. Ins. Co., 60 App Div 139, 143 [1st Dept 1901]). Mr. Kopp testified that he was personally involved in arranging for new signage at the demised premises. He also testified that after the subtenant vacated the premises he was personally involved in hiring a contractor to make the space suitable for re-renting and a real estate broker to find a new tenant. The sublease requires the subtenant to pay these expenses, and the trial court [*2]properly found Mr. Kopp's testimony on the amounts plaintiff actually paid for these items to be credible.
Although Mr. Sharma is plaintiff's treasurer, he did not establish any personal knowledge regarding the matters about which he testified. The monies Mr. Sharma testified were owed in lost rent were based upon an exhibit that was obviously prepared for litigation [FN1]. The trial court improperly permitted the schedule to come into evidence (see People v Foster, 27 NY2d 47, 52 [1970]) and then improperly let Mr. Sharma testify to its contents. The court also incorrectly concluded that just because the amounts claimed owed were set forth in the plaintiff's verified bill of particulars, Mr. Sharma could competently testify to those amounts. The function of a bill of particulars is to amplify a pleading, limit proof and prevent surprise at trial (CPLR 3041; State of New York v Horseman's Benevolent & Protective Assn. [N.Y. Div.], 34 AD2d 769 (1st Dept 1970]). A bill of particulars cannot be used to relieve a party of its evidentiary burden to prove the facts asserted therein (White Plains Towing Corp. v State of New York, 187 AD2d 503 [2d Dept 1992]).
With respect to the rent owed under the sublease, the record before the court established the following: the underlying sublease term was due to end June 30, 2014. The subtenant prematurely moved out June 2012. On October 25, 2012, plaintiff entered into a 15-year lease with a new tenant, Dr. Wine. Under the new lease, Dr. Wine's rent commencement date "[is] the date which is the earlier to occur of one hundred and twenty (120) days from the Commencement Date and the date Tenant opens for business." Although plaintiff claims that Dr. Wine did not start paying rent until March 2013 (the last date on which Dr. Wine could start paying rent under the lease), the applicable provision has a condition triggering earlier rent payments. No competent proof was adduced about when the condition precedent to the payment of rent was fulfilled or when Dr. Wine actually started paying rent. No rent ledgers or other probative documents were produced, nor could either witness competently testify about this issue. Mr. Sharma's testimony concerning when Dr. Wine actually started paying rent was based upon what Dr. Wine had told him. Mr. Sharma's testimony was inadmissible hearsay and insufficient to prove the underlying fact. Mr. Kopp did not provide any basis for his knowledge. The witnesses' voluntary board positions with plaintiff corporation, without any information about their duties and/or responsibilities, did not provide the requisite basis for knowledge.
The evidence adduced proved rent owed for the months of July, August, September and October 2012 in the base amount of $19,980.88 per month as reserved in the sublease, for a total of $79,923.52. The evidence also proved that for the remaining 20-month period, beginning November 2012 and ending June 30, 2014, plaintiff is entitled to additional damages in the amount of $44,888.36 representing the difference between the base rent the subtenant was required to pay under the sublease and the amount of base rent being charged Dr. Wine under the new lease [FN2]. The damages for lost rent should be adjusted accordingly. The court, however, [*3]correctly credited Huang for the $36,000 security deposit that the subtenant had paid under the sublease.
Plaintiff also failed to prove that it was entitled to additional rent based upon the real estate escalation provision in the sublease. Although the sublease entitles plaintiff to collect "additional rent" for real estate escalations, the calculation is required to be based upon a percentage of real estate taxes imposed on plaintiff, over and above a lease base year. No tax bill from any taxing authority or any other document proving the taxes actually imposed on plaintiff was ever produced at trial. In determining the amount owed for real estate escalations, the court improperly relied on Mr. Sharma's testimony and the bill of particulars. As indicated, this proof did not provide a sufficient evidentiary basis for the monetary awards made.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK



Footnotes

Footnote 1:Plaintiff's exhibit 16 was a schedule comparing and calculating rent differential between rent reserved in the sublease and rent reserved in the lease with the new tenant. It was not a business record prepared in any ordinary course of plaintiff's business. Moreover it was factually incorrect in that it sought base rent for June 2012, which plaintiff had already conceded in July 1, 2012 correspondence had been paid.

Footnote 2: For the eight-month period November 1, 2012 through June 30, 2013, the rent differential is $15,847.04, calculated at $1980.88 per month ($19,980.88 less $18,000). For the four month period July 1, 2013 through October 31, 2013, the rent differential is $11,120.44, calculated at $2,780.11 per month ($20,780.11 less $18,000). For the eight month period November 1, 2013 through June 30, 2014, the rent differential is $17,920.88, calculated at $2240.11 per month ($20,780.11 less $18,540).