Bargil Assoc., LLC v Crites (2019 NY Slip Op 04903)





Bargil Assoc., LLC v Crites


2019 NY Slip Op 04903


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-02283
 (Index No. 17522/08)

[*1]Bargil Associates, LLC, appellant, 
v
Elsa Crites, etc., respondent.


Michael B. Schulman & Associates, P.C., Melville, NY, for appellant.
Abrams, Gorelick, Friedman & Jacobson, LLP, New York, NY (Steven DiSiervi of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring the parties' respective rights under a certain contract dated August 8, 2007, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered February 8, 2017. The order denied the plaintiff's motion for summary judgment on the complaint and striking the defendant's answer.
ORDERED that the order is affirmed, with costs.
The underlying facts for this action may be found in our decisions and orders in a prior related appeal, Bargil Assoc., LLC v Crites (135 AD3d 676), and in a related appeal decided herewith, Bargil Assoc., LLC v Crites (_____ AD3d ______ [Appellate Division Docket No. 2016-11252]). Following the completion of discovery, the plaintiff filed a note of issue in October 2011. Approximately five years later, the plaintiff moved for summary judgment on the complaint and striking the defendant's answer. The Supreme Court denied the motion as untimely. The plaintiff appeals, and we affirm.
Motions for summary judgment "shall be made no later than one hundred twenty days after the filing of the note of issue" (CPLR 3212[a]) unless the Supreme Court has set a different deadline. A party may not file a late summary judgment motion without leave of the court "on good cause shown" (CPLR 3212[a]), which requires the movant to articulate a "satisfactory explanation for the untimeliness" of the motion (Brill v City of New York, 2 NY3d 648, 652; see Milano v George, 17 AD3d 644, 645). "In the absence of a showing of good cause for the delay in filing a motion for summary judgment, the court has no discretion to entertain even a meritorious, nonprejudicial motion for summary judgment" (Bivona v Bob's Discount Furniture of NY, LLC, 90 AD3d 796, 796 [internal quotation marks omitted]; see Greenpoint Props., Inc. v Carter, 82 AD3d 1157, 1158).
Here, the plaintiff's motion was made almost five years after the 120-day deadline expired. The plaintiff failed to demonstrate, in its moving papers, good cause for not filing the motion in a timely manner, and only attempted to do so, improperly for the first time, in its reply papers (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 869). Accordingly, we agree with the Supreme Court's determination denying, as untimely, the plaintiff's motion for summary [*2]judgment.
In light of our determination, we need not address the parties' remaining contentions.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court