Vanderbilt Mtge. & Fin., Inc. v Henry

2026 NY Slip Op 02868

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Vanderbilt Mortgage and Finance, Inc., respondent,

v

Farrah N. Henry, etc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2022-10255, 2022-10257, 2023-07212, 2023-07214, (Index No. 2925/12)

Betsy Barros, J.P.

Barry E. Warhit

Carl J. Landicino

Laurence L. Love, JJ.

Brooklyn Legal Services NYC, Brooklyn, NY (Catherine P. Isobe and Mario Fitzgerald of counsel), for appellant.

Greenspoon Marder LLP, New York, NY (Raspreet Bhatia of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 22, 2022, (2) an order of the same court dated September 30, 2022, (3) an order of the same court dated May 3, 2023, and (4) an order and judgment of foreclosure and sale (one paper) of the same court, also dated May 3, 2023. The order dated September 22, 2022, granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint and for an order of reference. The order dated September 30, 2022, insofar as appealed from, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint and for an order of reference and appointed a referee to compute the amount due on the note. The order dated May 3, 2023, insofar as appealed from, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.

ORDERED that the appeals from the orders are dismissed; and it is further,

ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the amended complaint and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders dated September 22, 2022, September 30, 2022, and May 3, 2023, are modified accordingly; and it is further,

ORDERED that one bill of costs is awarded to the defendant.

The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure [*2]and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).

In February 2012, the plaintiff commenced this action against Gwenette Henry (hereinafter the borrower), among others, to foreclose a mortgage on certain real property located in Brooklyn. The borrower interposed an answer asserting various affirmative defenses. Following motion practice and service of an amended complaint and answer to the amended complaint, on February 7, 2018, the plaintiff filed a note of issue and certificate of readiness for trial. In June 2018, the borrower died, and in February 2019, the Surrogate's Court issued letters of administration appointing Farrah N. Henry as the administrator of the borrower's estate. By order dated October 16, 2019, the Supreme Court granted the plaintiff's motion, inter alia, to substitute Farrah N. Henry (hereinafter the defendant), as the administrator of the borrower's estate, for the borrower.

In July 2022, the plaintiff moved, inter alia, for summary judgment on the amended complaint and for an order of reference. The defendant opposed the motion. In an order dated September 22, 2022, the Supreme Court granted those branches of the motion, and in an order dated September 30, 2022, the court, among other things, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint and for an order of reference and appointed a referee to compute the amount due on the note. Subsequently, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated May 3, 2023, the court, among other things, granted the plaintiff's motion, and in an order and judgment of foreclosure and sale, also dated May 3, 2023, the court granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the property. The defendant appeals.

Pursuant to CPLR 3212(a), courts have "considerable discretion to fix a deadline for filing summary judgment motions," so long as the deadline is not "earlier than 30 days after filing the note of issue or (unless set by the court) later than 120 days after the filing of the note of issue, except with leave of court on good cause shown" (Brill v City of New York, 2 NY3d 648, 651; see CPLR 3212[a]; Lanza v M-A-C Home Design & Constr. Corp., 188 AD3d 855, 856). "Absent a satisfactory explanation for the untimeliness, constituting good cause for the delay, an untimely summary judgment motion must be denied without consideration of the merits" (Dojce v 1302 Realty Co., LLC, 199 AD3d 647, 649 [internal quotation marks omitted]; see Brill v City of New York, 2 NY3d at 652).

Here, the Supreme Court improperly considered those branches of the plaintiff's motion which were for summary judgment on the amended complaint and for an order of reference. The plaintiff filed a note of issue and certificate of readiness for trial on February 7, 2018, and was, therefore, required to file its motion by June 7, 2018 (see CPLR 3212[a]), before the borrower's death on June 13, 2018, but the plaintiff did not do so until July 2022. Further, there is no evidence in the record that the plaintiff moved for leave to file a late motion for summary judgment, which was required pursuant to CPLR 3212. Consequently, the plaintiff's assertions regarding the stay imposed due to the borrower's death, COVID-19 moratoriums, settlement discussions, and outstanding discovery and depositions were insufficient to constitute good cause (see Deutsche Bank Natl. Trust Co. Ams. v Banu, 205 AD3d 887, 889; Navarro v Damac Realty, LLC, 202 AD3d 1100, 1101; Johnson v Peconic Diner, 31 AD3d 387, 388). Accordingly, the court should have denied those branches of the plaintiff's motion which were for summary judgment on the amended complaint and for an order of reference as untimely.

In light of our determination, we need not reach the parties' remaining contentions.

BARROS, J.P., WARHIT, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court