■ KENNETH KUNZ, Appellant, v PATRICIA GLEESON, Respondent. [781 NYS2d 50]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated August 14, 2003, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in entertaining the defendant's motion for summary judgment, which was made about two weeks beyond the deadline fixed by the court when it certified the action ready for trial. The defendant demonstrated good cause for her slight delay by explaining that the independent medical examinations of the plaintiff were not conducted until after the note of issue had been filed, and that the results of these examinations provided the evidentiary basis for her motion for summary judgment (*see Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 129 [2000]; *Luciano v Apple Maintenance & Servs.*, 289 AD2d 90 [2001]; *Jerry v New York City Hous. Auth.*, 285 AD2d 531 [2001]; *cf. Brill v City of New York*, 2 NY3d 648 [2004]).

Furthermore, the Supreme Court properly granted the defendant's motion for summary judgment. The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the submission of the affirmed medical reports of the physicians who conducted the independent medical examinations, as well as the plaintiff's deposition testimony (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Hodges v Jones*, 238 AD2d 962 [1997]). The affirmation of the plaintiff's physician submitted in opposition to the motion failed to identify any limitations in movement, impairments, or disabilities suffered as a result of the plaintiff's injuries. The report of the plaintiff's chiropractor was not in affidavit form, and therefore was without probative value (*see Doumanis v Conzo*, 265 AD2d 296 [1999]; *Rum v Pam Transp.*, 250 AD2d 751 [1998]). Florio, J.P., Krausman, Townes, Mastro and Fisher, JJ., concur.