■ DAWN LoGRASSO, Respondent, v DOLORES MYER, Appellant. [790 NYS2d 919]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered June 16, 2004. The order denied defendant's motion seeking summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she allegedly sustained while lifting a garage door located on premises leased to plaintiff by defendant. We agree with plaintiff that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint on the ground that defendant failed to show good cause for failing to make her motion within 120 days of the filing of the note of issue (*see* CPLR 3212 [a]; *see generally Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726-727 [2004];

*Brill v City of New York*, 2 NY3d 648, 652 [2004]). Although good cause has been shown where discovery requests relevant to the motion were outstanding until shortly before the motion was made (*see Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 129 [2000]; *Cooper v Hodge*, 13 AD3d 1111 [2004]), here the requested discovery was not essential to the motion (*see Caiola v Allcity Ins. Co.*, 277 AD2d 273 [2000]), and the recently received discovery material did not "provide[ ] the evidentiary basis for [defendant's] motion for summary judgment" (*Kunz v Gleeson*, 9 AD3d 480, 481 [2004]; *see Caiola*, 277 AD2d 273 [2000]; *cf. Burnell v Huneau*, 1 AD3d 758, 759-760 [2003]; *M.D. v Pasadena Realty Co.*, 300 AD2d 235, 238 [2002]). Present— Hurlbutt, J.P., Scudder, Kehoe, Pine and Hayes, JJ.