■ CARLOS ESPEJO, Respondent, v HIRO REAL ESTATE CO., Defendant, and PRITCHARD INDUSTRIES, INC., Appellant. [796 NYS2d 162]—

In an action to recover damages for personal injuries, the defendant Pritchard Industries, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens

County (Dollard, J.), dated July 13, 2004, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although the appellant demonstrated "good cause" (CPLR 3212 [a]) for its failure to move for summary judgment during the initial 120-day period that followed the filing of the note of issue, it failed to explain the extensive delay that occurred thereafter. While discovery was not complete until after the deposition of the appellant's witness in July 2003, that witness's testimony was not essential to the making of the motion, and the appellant had access to that witness's testimony at any time (*see e.g. LoGrasso v Myer,* 16 AD3d 1089 [2005]; *First Union Auto Fin., Inc. v Donat,* 16 AD3d 372 [2005]; *Caiola v Allcity Ins. Co.,* 277 AD2d 273 [2000]; *cf. Gonzalez v 98 Mag Leasing Corp.,* 95 NY2d 124 [2000]; *Kunz v Gleeson,* 9 AD3d 480 [2004]). More importantly, even after this deposition was conducted, the appellant offered no excuse for the ensuing delay of approximately five months in making its motion (*cf. Gonzalez v 98 Mag Leasing Corp., supra* [motion made "shortly" after essential discovery was complete]). The record contains no proof that the existence of a stay prevented the appellant from making a motion for summary judgment in a more timely fashion.

Under these circumstances, the Supreme Court improvidently exercised its discretion in entertaining the appellant's motion on the merits (*see Brill v City of New York,* 2 NY3d 648 [2004]; *Perini Corp. v City of New York,* 16 AD3d 37 [2005]). The order appealed from should be affirmed insofar as appealed from on this ground alone, and the merits of the motion need not be addressed.

We note that no notice of appeal was filed on behalf of the defendant Hiro Real Estate Co. Accordingly, we do not consider issues raised on its behalf. Prudenti, P.J., Adams, Rivera and Fisher, JJ., concur.