■ CHERICA A. McNALLY, Appellant, v BEVA CAB CORP. et al., Respondents. [846 NYS2d 328]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated September 14, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed on the law, with costs, and

the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to establish good cause for the delay in making their motion for summary judgment (*see* CPLR 2004; *Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726 [2004]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Kunz v Gleeson*, 9 AD3d 480 [2004]). Rule 13 of the Civil Term Rules of the Supreme Court, Kings County, requires that motions for summary judgment be made within 60 days of the filing of the note of issue. While the defendants explained that their post-note-of-issue delay was due to the plaintiff's failure to supply authorizations and submit to a medical examination by a defense-designated doctor, they failed to account for the 79 days between the date of the defense medical report and the date of the motion. If we deem the date of that report to be the functional equivalent of the note-of-issue date, the defendants exceeded by almost three weeks the 60 days allotted for moving for summary judgment. Without an explanation for this delay, the record is bereft of a basis for finding good cause.

Accordingly, the Supreme Court erred in reaching the merits of the motion (*see Brill v City of New York*, 2 NY3d at 650; *First Union Auto Fin., Inc. v Donat*, 16 AD3d 372, 373 [2005]). Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.