■ Gemal Tafsiou, Respondent, v Arms Acres, Appellant. [943 NYS2d 763]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated April 12, 2011, which denied its motion for summary judgment dismissing the complaint on the ground that the motion was untimely.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for

a determination of the merits of the defendant's motion for summary judgment.

The defendant contends that the Supreme Court erred in denying its motion for summary judgment dismissing the complaint solely upon the ground that the motion was untimely. We agree. In an order dated November 9, 2010, the Supreme Court extended the defendant's "time to file" a summary judgment motion by 60 days. This 60-day extension expired on January 8, 2011, which was a Saturday. Accordingly, pursuant to Judiciary Law § 282, the defendant had until Monday, January 10, 2011, to file its motion for summary judgment dismissing the complaint. On that date, the defendant's motion papers were received and marked "approved" by the Kings County Supreme Court Motion Support Office, the office with which they were required to be filed (see Kings County, Supreme Court Uniform Civil Term Rules, part A). "Papers that are required to be filed are considered to have been filed when they are received by the office with which, or by the official with whom, they are to be filed" (Castro v Homsun Corp., 34 AD3d 616, 617 [2006]; Coty v County of Clinton, 42 AD3d 612, 613-614 [2007] [internal quotation marks omitted]). Thus, the defendant's motion papers were timely filed when received by the Motion Support Office on January 10, 2011, despite the fact that they were not stamped "filed" by the Kings County Clerk until the following day, January 11, 2011. Accordingly, the matter must be remitted to the Supreme Court, Kings County, to determine the defendant's motion on the merits. Skelos, J.P., Dillon, Eng and Austin, JJ., concur.