■ HE PING SHAO et al., Respondents, v CAO ZHAO WEI et al., Defendants, and SHELLY CAO et al., Appellants. [989 NYS2d 49]—

In an action, inter alia, to recover damages for breach of contract, the defendant Shelly Cao appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered July 11, 2011, as denied, as untimely, that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted against her, and the defendants Wei's Realty Corp., Perfect Funding Corp., and NYC Funding Center, Inc., separately appeal, as limited by their brief, from so much of the same order as denied, as untimely,

that branch of their separate motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Queens County, for a determination of the merits of those branches of the motion of the defendant Shelley Cao, and the separate motion of the defendants Wei's Realty Corp., Perfect Funding Corp., and NYC Funding Center, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

The Supreme Court erred in denying, as untimely, that branch of the motion of the defendant Shelly Cao which was for summary judgment dismissing the complaint insofar as asserted against her. Cao's notice of motion was served on December 3, 2010. The plaintiffs assert that Cao's motion was made after the expiration of the 120-day time period for making summary judgment motions set forth in CPLR 3212 (a) because December 3, 2010, was 121 days after the filing of the note of issue on August 5, 2010. However, December 3, 2010, was exactly 120 days after August 5, 2010, meaning that the branch of Cao's motion which was for summary judgment dismissing the complaint insofar as asserted against her was not untimely. Moreover, although that branch of the motion of the defendants Wei's Realty Corp., Perfect Funding Corp., and NYC Funding Center, Inc. (hereinafter collectively the corporate defendants), which was for summary judgment dismissing the complaint insofar as asserted against them was untimely, it was made on nearly identical grounds as Cao's timely motion for summary judgment. Under the circumstances, the Supreme Court should have determined that good cause existed to review the untimely motion for summary judgment on the merits (see CPLR 3212 [a]; *Travelers Indem. Co. v AA Kitchen Cabinet & Stone Supply, Inc.*, 106 AD3d 812, 813 [2013]; *Braunstein v Half Hollow Hills Cent. Sch. Dist.*, 104 AD3d 893, 894 [2013]; *Grande v Peteroy*, 39 AD3d 590, 592 [2007]). Accordingly, we remit the matter to the Supreme Court, Queens County, for a determination of the merits of those branches of Cao's motion and the corporate defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against them (see *Tafsiou v Arms Acres*, 95 AD3d 995, 996 [2012]; *Alvarez v Eviles*, 56 AD3d 500 [2008]). Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.