■ JANICE CABAN, Respondent, v MICHAEL MASTROSIMONE, Appellant. [10 NYS3d 615]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Nahman, J.), dated June 25, 2014, which denied that branch of his motion which was for leave to serve and file a late motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant was required to make his motion for summary judgment no more than 120 days after the note of issue was filed, unless he obtained leave of the court on good cause shown (see CPLR 3212 [a]). Here, the defendant argued that he had good cause to file a late motion for summary judgment, because the plaintiff wrote the wrong address for the defendant's law firm on the note of issue. However, the address listed on the note of issue was identical to the address that the defendant's attorneys listed below the signature line in their reply affirmation submitted on the instant motion. Moreover, the fact that the plaintiff's independent medical examination (hereinafter IME) was still outstanding at the time the note of issue was filed does not constitute good cause in this case, as the defendant failed to move for summary judgment until almost two months after receiving the IME report, and until 154 days after the note of issue was filed (see Byers v Winthrop Univ. Hosp., 100 AD3d 817, 819 [2012]; cf. Kunz v Gleeson, 9 AD3d 480 [2004]). Thus, the Supreme Court properly concluded that the defendant did not have good cause to file an untimely motion for summary judgment, and properly denied that branch of the defendant's motion which was for leave to serve and file a late motion for summary judgment dismissing the complaint (see generally Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 727 [2004]; Brill v City of New York, 2 NY3d 648, 652 [2004]). Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.