Lanza v M-A-C Home Design & Constr. Corp. (2020 NY Slip Op 06512)





Lanza v M-A-C Home Design & Constr. Corp.


2020 NY Slip Op 06512


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2019-00437
2019-00441
 (Index No. 150604/16)

[*1]Nunzio Lanza, appellant, 
v
M-A-C Home Design and Construction Corp., respondent (and a third-party action).


Amabile & Erman, P.C., Staten Island, NY (Marc J. Falcone and Mark S. Meleka of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Alan C. Marin, J.), dated September 17, 2018, and (2) an order of the same court dated December 13, 2018. The order dated September 17, 2018, granted the defendant's motion for leave to extend the time to move for summary judgment. The order dated December 13, 2018, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order dated September 17, 2018, is reversed, on the facts and in the exercise of discretion, and the defendant's motion for leave to extend the time to move for summary judgment is denied; and it is further,
ORDERED that the order dated December 13, 2018, is reversed, on the law, and the defendant's motion for summary judgment dismissing the complaint is denied as academic; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries. The defendant made a motion for leave to extend the time to move for summary judgment. In an order dated September 17, 2018, the Supreme Court granted the defendant's motion. Thereafter, the defendant moved for summary judgment dismissing the complaint. In an order dated December 13, 2018, the court granted the defendant's summary judgment motion. The plaintiff appeals from both orders.
Pursuant to CPLR 3212(a), courts have "considerable discretion to fix a deadline for filing summary judgment motions," so long as the deadline is not "earlier than 30 days after filing the note of issue or (unless set by the court) later than 120 days after the filing of the note of issue, except with leave of court on good cause shown" (Brill v City of New York, 2 NY3d 648, 651; see [*2]CPLR 3212[a]; Gonzalez v Pearl, 179 AD3d 645). In Richmond County, a party is required to make its motion for summary judgment no more than 60 days after the note of issue is filed, unless it obtains leave of the court on good cause shown (see generally Grande v Peteroy, 39 AD3d 590, 591).
Although the court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where the claim is supported by a detailed and credible explanation of the default (see Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252), under the facts and circumstances here, the defendant's excuse amounted to a perfunctory claim of law office failure. Thus, since good cause for allowing an extension of time to move for summary judgment was not shown, we disagree with the Supreme Court's exercise of its discretion in granting the defendant's motion for leave to extend the time to move for summary judgment (see Matter of Hibbert, 137 AD3d 786, 787; Quinones v Joan & Sanford I. Weill Med. Coll. & Graduate Sch. of Med. Sciences of Cornell Univ., 114 AD3d 472, 474).
In light of the foregoing determination, the defendant's motion for summary judgment dismissing the complaint should have been denied as academic.
DILLON, J.P., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court