Garcia v Bleeker St. Gardens, LLC (2020 NY Slip Op 06503)





Garcia v Bleeker St. Gardens, LLC


2020 NY Slip Op 06503


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2018-07182
 (Index No. 10134/14)

[*1]Celso Garcia, appellant, 
v
Bleeker Street Gardens, LLC, defendant third-party plaintiff-respondent; New Leaf Development, LLC, third-party defendant-respondent.


Oresky & Associates, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick and Robert F. McCarthy of counsel), for defendant third-party plaintiff-respondent.
Gallo Vitucci Klar LLP, New York, NY (William Parra of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated April 20, 2018. The order, insofar as appealed from, denied the plaintiff's motion to extend the deadline for when his motion for summary judgment was to be made returnable and denied, as untimely, the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying, as untimely, the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1); as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
The plaintiff commenced this action to recover damages for personal injuries. He moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The motion papers were served on September 1, 2017, and the motion was made returnable on September 29, 2017, which was three days beyond the deadline fixed by the Supreme Court in a prior so-ordered stipulation. Subsequently, the plaintiff moved to extend the deadline for when his motion for summary judgment was to be made returnable. In an order dated April 20, 2018, the court, inter alia, denied the plaintiff's motion to extend the deadline and denied, as untimely, his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The plaintiff appeals.
Although the plaintiff's motion for summary judgment on the issue of liability on the [*2]cause of action alleging a violation of Labor Law § 240(1) was made returnable beyond the deadline fixed by the Supreme Court (see Buffolino v City of New York, 92 AD3d 633), we disagree with the court's exercise of its discretion in declining to entertain that motion, as the plaintiff demonstrated good cause for the delay (see Nisimova v Starbucks Corp., 108 AD3d 513, 514). Accordingly, we remit the matter to the Supreme Court, Queens County, for a determination on the merits of the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) (see He Ping Shao v Cao Zhao Wei, 118 AD3d 943, 944; Tafsiou v Arms Acres, 95 AD3d 995, 996; Alvarez v Eviles, 56 AD3d 500).
MASTRO, J.P., AUSTIN, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court