Dojce v 1302 Realty Co., LLC (2021 NY Slip Op 05950)





Dojce v 1302 Realty Co., LLC


2021 NY Slip Op 05950


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LARA J. GENOVESI, JJ.


2018-09919
 (Index No. 508449/16)

[*1]Petrika Dojce, respondent, 
v
1302 Realty Company, LLC, appellant, et al., defendant.


Catalano Gallardo & Petropoulos, LLP, Jericho, NY (June D. Reiter, Domingo Gallardo, and Renton D. Persaud of counsel), for appellant.
Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 1302 Realty Company, LLC, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 14, 2018. The order, insofar as appealed from, (1), in effect, denied those branches of that defendant's motion which were for summary judgment striking those portions of the bill of particulars which alleged that the subject accident was caused by that defendant's negligent supervision, negligent retention, and negligent hiring and that the plaintiff suffered psychosis, psychotic reaction, and psychotic depression as a result of the accident; (2), in effect, granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.12(c)(1); and (3) granted that branch of the plaintiff's separate motion which was pursuant to CPLR 3103 to strike the deposition testimony of Francesco Pedulla.
ORDERED that the order is modified, on the law, by (1) deleting the provision thereof, in effect, denying that branch of the motion of the defendant 1302 Realty Company, LLC, which was for summary judgment striking those portions of the bill of particulars which alleged that the subject accident was caused by that defendant's negligent supervision, negligent retention, and negligent hiring, and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof, in effect, granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.12(c)(1), and substituting therefor a provision denying that branch of the cross motion as untimely; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly was injured when the handheld power saw or grinder he was using to remove plywood flooring kicked back on him, knocking him backward and cutting his leg. He alleges that his supervisor gave him the tool with the safety guard removed and instructed him to use it to perform his assigned work. His employer had been hired to replace tiles and flooring in a school located on property owned by the defendant 1302 Realty Company, LLC (hereinafter 1302 Realty). He commenced this action to recover damages for his personal injuries, alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). The Labor Law § 241(6) cause of [*2]action was predicated on alleged violations of 12 NYCRR 23-1.5(c)(1)-(3) and 23-1.12(c) and 23-9.2(a).
1302 Realty moved for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.5(c)(1) and (2) and 23-9.2(a), and striking those portions of the bill of particulars which alleged that the accident was caused by 1302 Realty's negligent supervision, negligent retention, and negligent hiring and that the plaintiff suffered psychosis, psychotic reaction, and psychotic depression as a result of the accident. The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.5(c)(3) and 23-1.12(c)(1). In opposition, 1302 Realty contended that the cross motion was untimely, and that awarding summary judgment to the plaintiff was unwarranted based on the annexed transcript of the deposition testimony of the plaintiff's supervisor, Francesco Pedulla. Thereafter, the plaintiff moved, among other things, pursuant to CPLR 3103 to strike Pedulla's deposition testimony.
By order dated August 14, 2018, the Supreme Court, inter alia, (1) in effect, denied those branches of 1302 Realty's motion which were for summary judgment striking those portions of the bill of particulars which alleged that the accident was caused by 1302 Realty's negligent supervision, negligent retention, and negligent hiring and that the plaintiff suffered psychosis, psychotic reaction, and psychotic depression as a result of the accident, (2) in effect, granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.12(c)(1), and (3) granted that branch of the plaintiff's separate motion which was pursuant to CPLR 3103 to strike Pedulla's deposition testimony. 1302 Realty appeals.
Pursuant to CPLR 3212(a), courts have "considerable discretion to fix a deadline for filing summary judgment motions" (Brill v City of New York, 2 NY3d 648, 651), so long as the deadline is not "earlier than 30 days after filing the note of issue or (unless set by the court) later than 120 days after the filing of the note of issue, except with leave of court on good cause shown" (id. at 651; see CPLR 3212[a]; Lanza v M-A-C Home Design & Constr. Corp., 188 AD3d 855, 856). Absent a "satisfactory explanation for the untimeliness," constituting good cause for the delay, an
untimely summary judgment motion must be denied without consideration of the merits (Brill v City of New York, 2 NY3d at 652). However, an untimely cross motion for summary judgment may nevertheless be considered by the court "where a timely motion was made on nearly identical grounds" (Sikorjak v City of New York, 168 AD3d 778, 780; Sheng Hai Tong v K & K 7619, Inc., 144 AD3d 887, 890)
Here, the Supreme Court erred in considering the plaintiff's untimely cross motion. The cross motion was made months after the deadline imposed by the court had elapsed, and the plaintiff offered no explanation for the delay. Contrary to the plaintiff's contention, his cross motion did not raise nearly identical issues as 1302 Realty's timely motion, which had a different factual basis and addressed substantively different violations of the Industrial Code (see Vitale v Astoria Energy II, LLC, 138 AD3d 981, 983). Accordingly, that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.12(c)(1) should have been denied as untimely.
The Supreme Court should have granted that branch of 1302 Realty's motion which was for summary judgment striking those portions of the bill of particulars which alleged that the accident was caused by 1302 Realty's negligent hiring, negligent retention, and negligent supervision. "To hold a party liable under theories of negligent hiring, negligent retention, and negligent supervision, a plaintiff must establish that the party knew or should have known of the contractor's propensity for the conduct which caused the injury" (Bellere v Gerics, 304 AD2d 687, 688). 1302 Realty established that the plaintiff's employer was hired by 1302 Realty's tenant and that 1302 Realty did not supervise or control the work being performed. Moreover, the record is devoid of evidence that either 1302 Realty or its tenant had reason to know of any propensity by the [*3]plaintiff's employer to provide unguarded power tools to its workers, and the plaintiff failed to submit proof to the contrary (see id. at 688).
The Supreme Court providently exercised its discretion in striking Pedulla's deposition testimony. After being notified of the scheduled deposition, the plaintiff objected in writing, based on the automatic stay of discovery imposed by CPLR 3214(b). Thereafter, 1302 Realty moved to lift the stay and for permission to conduct the deposition. However, rather than awaiting resolution of its pending motion, 1302 Realty elected to proceed without the court's authorization, and without the participation of the plaintiff's counsel. Under these circumstances, the court fashioned an appropriate remedy pursuant to CPLR 3103 by striking the improperly obtained testimony (see Darius v Darius, 245 AD2d 663, 666).
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
MASTRO, J.P., MILLER, DUFFY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court