Navarro v Damac Realty, LLC (2022 NY Slip Op 01169)





Navarro v Damac Realty, LLC


2022 NY Slip Op 01169


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
REINALDO E. RIVERA
PAUL WOOTEN, JJ.


2019-09249
 (Index No. 712882/16)

[*1]Luis F. Navarro, appellant,
v
Damac Realty, LLC, respondent.


Omrani & Taub, P.C., New York, NY (James L. Forde of counsel), for appellant.
Gold Benes, LLP, Bellmore, NY (Jeffrey B. Gold, Karen C. Higgins, Roseann Madonna, Keith Lederman, and James F. Stewart of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered June 16, 2019. The order granted the defendant's motion for leave to extend the time to move for summary judgment, and thereupon, for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, that branch of the defendant's motion which was for leave to extend the time to move for summary judgment is denied, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied as academic.
On March 1, 2015, the plaintiff allegedly was injured when he slipped and fell on ice covered by snow on a sidewalk abutting the defendant's property. In October 2016, the plaintiff commenced this action to recover damages for personal injuries. On August 8, 2018, the plaintiff filed the note of issue. On March 13, 2019, more than 120 days after the filing of the note of issue, the defendant moved for leave to extend the time to move for summary judgment, and thereupon, for summary judgment dismissing the complaint. In an order entered July 16, 2019, the Supreme Court granted the defendant's motion. The plaintiff appeals.
Pursuant to CPLR 3212(a), unless the court directs otherwise, a motion for summary judgment "shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown" (see Brill v City of New York, 2 NY3d 648, 651; Lanza v M-A-C Home Design & Constr. Corp., 188 AD3d 855, 856). Absent a "satisfactory explanation for the untimeliness," constituting good cause for the delay, an untimely summary judgment motion must be denied without consideration of the merits (Brill v City of New York, 2 NY3d at 652; see Dojce v 1302 Realty Co., LLC, 199 AD3d 647, 649).
Here, in support of its motion, the defendant submitted, inter alia, an affidavit from a paralegal for the law firm representing the defendant, who averred that the defendant's failure to file a timely motion for summary judgment was attributable to difficulties in locating a principal of the defendant to appear for a deposition. While "[s]ignificant outstanding discovery may, in certain [*2]circumstances, constitute good cause for a delay in making a motion for summary judgment" (Avezbakiyev v City of New York, 104 AD3d 888; see Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124), here, the defendant failed to establish that the testimony of a principal of the defendant was essential to its motion for summary judgment (see Courtview Owners Corp. v Courtview Holding B.V., 113 AD3d 722, 723; Avezbakiyev v City of New York, 104 AD3d at 888-889; Greenpoint Props., Inc. v Carter, 82 AD3d 1157, 1158; Tower Ins. Co. of N.Y. v Razy Assoc., 37 AD3d 702, 703; Espejo v Hiro Real Estate Co., 19 AD3d 360). The defendant did not explain how the testimony of its principal was essential to its motion for summary judgment on the grounds that the accident occurred during an ongoing snowstorm, or that accumulated snow on the sidewalk during an ongoing storm was an open and obvious condition. Thus, the defendant failed to establish good cause for its delay in moving for summary judgment.
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for leave to extend the time to move for summary judgment and denied, as academic, that branch of the defendant's motion which was for summary judgment dismissing the complaint.
DILLON, J.P., BRATHWAITE NELSON, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court