Torres v Serlin Bldg. Ltd. Partnership (2022 NY Slip Op 05174)

Torres v Serlin Bldg. Ltd. Partnership

2022 NY Slip Op 05174

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-02954
 (Index No. 9889/05)

[*1]Janet Torres, etc., et al., respondents, 
v
Serlin Building Limited Partnership, et al., appellants, et al., defendant.

Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Joseph A. H. McGovern and John D. Morio of counsel), for appellants.
Roth & Roth, LLP, New York, NY (Elliot Dolby Shields of counsel), for respondents Janet Torres and Ruben S. Torres.
Jacoby & Meyers, LLP, Newburgh, NY (Andrew L. Spitz of counsel), for respondents Clarissa Salgado and Ruben Torres.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for wrongful death, etc., the defendants Serlin Building Limited Partnership, Serlin Building Management, Inc., Direct Building Management, Inc., and Neighborhood Partnership Housing Development Fund Company, Inc., appeal from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated February 13, 2020. The order, insofar as appealed from, denied those defendants' motion for leave to extend their time to move for summary judgment and, thereupon, for summary judgment dismissing the complaint and amended complaints insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
This consolidated action arises out of a fatal fire at an apartment building owned by the defendant City of New York, leased by the defendant Neighborhood Partnership Housing Development Fund Company, Inc. (hereinafter Neighborhood Partnership), and managed by the defendant Serlin Building Management, Inc. (hereinafter Serlin, Inc.). On January 18, 2019, the plaintiffs filed a note of issue. On or about June 17, 2019, approximately 150 days after the filing of the note of issue, Neighborhood Partnership, Serlin, Inc., and the defendants Serlin Building Limited Partnership and Direct Building Management, Inc. (hereinafter collectively the building defendants), moved for leave to extend their time to move for summary judgment and, thereupon, for summary judgment dismissing the complaint and amended complaints insofar as asserted against them. In an order dated February 13, 2020, the Supreme Court, inter alia, denied the building defendants' motion. The building defendants appeal.
Pursuant to CPLR 3212(a), courts have "considerable discretion to fix a deadline for filing summary judgment motions," so long as the deadline is not "earlier than 30 days after filing the note of issue or (unless set by the court) later than 120 days after the filing of the note of issue, except with leave of court on good cause shown" (Brill v City of New York, 2 NY3d 648, 651; see CPLR 3212[a]; Lanza v M-A-C Home Design & Constr. Corp., 188 AD3d 855, 856; Gonzalez v [*2]Pearl, 179 AD3d 645, 645-646). With limited exception not applicable here, in Kings County, a party is required to make its motion for summary judgment no later than 60 days after the filing of the note of issue, unless it obtains leave of the court on good cause shown (see Kings County Supreme Court Uniform Civil Term Rules, part C, rule 6; Gonzalez v Pearl, 179 AD3d at 646; Goldin v New York & Presbyt. Hosp., 112 AD3d 578, 579).
Here, contrary to the building defendants' contention, the fact that the deposition of a nonparty witness remained outstanding when the note of issue was filed does not constitute good cause in this case, as they failed to move for summary judgment until approximately 2½ months after the deposition was held on April 2, 2019 (see Caban v Mastrosimone, 129 AD3d 757, 758; Tower Ins. Co. of N.Y. v Razy Assoc., 37 AD3d 702, 703-704; Espejo v Hiro Real Estate Co., 19 AD3d 360, 361). Although the building defendants' attorney averred in an affirmation submitted in support of the motion that he received the deposition transcript on May 15, 2019, he offered no explanation for the delay in obtaining the transcript or the subsequent delay in moving for summary judgment. Thus, the building defendants failed to establish good cause for granting an extension of time to move for summary judgment.
The parties' remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied the building defendants' motion for leave to extend their time to move for summary judgment and, thereupon, for summary judgment dismissing the complaint and amended complaints insofar as asserted against them.
CONNOLLY, J.P., ROMAN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court