Fuczynski v 144 Div., LLC (2022 NY Slip Op 05151)

Fuczynski v 144 Div., LLC

2022 NY Slip Op 05151

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-07287
 (Index No. 509437/16)

[*1]Antoni Fuczynski, appellant, 
v
144 Division, LLC, respondent, et al., defendant.

The Platta Law Firm, PLLC, New York, NY (Laurence D. Rogers of counsel), for appellant.
Ginsburg & Misk LLP, Queens Village, NY (Gerard N. Misk of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated July 21, 2020. The order denied the plaintiff's motion for leave to serve and file a late motion for summary judgment and, thereupon, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was for leave to serve and file a late motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
The plaintiff allegedly was employed as a carpenter and laborer by nonparty First Quality Group, Inc. (hereafter First Quality), which was performing work on a commercial renovation project at a building in Manhattan that was owned by the defendant 144 Division, LLC (hereinafter the defendant). The plaintiff testified at his deposition that on March 7, 2016, his supervisor directed him to install sheetrock on a ceiling of the building's first floor. According to the plaintiff, while disconnecting a lighting fixture from the ceiling, he suffered an electric shock and fell from a six-foot tall Baker scaffold, which lacked guardrails, allegedly sustaining injuries.
The plaintiff commenced this action against the defendant, and another party, to recover damages for personal injuries, asserting causes of action alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). On February 20, 2019, the plaintiff filed a note of issue and certificate of trial readiness solely to comply with a deadline contained in a court order, along with an affirmation noting that discovery was not yet complete. In light of the 60-day rule set forth in the Uniform Civil Term Rules of the Supreme Court, Kings County, any motions for summary judgment were therefore due by April 22, 2019. However, the plaintiff was not deposed until May 15, 2019, and the defendant's witness, Michelle Gamble, did not appear for a deposition until July 23, 2019. Shortly after Gamble's deposition, the plaintiff served post-deposition discovery demands. The [*2]plaintiff later moved to compel a response to the discovery demands after the defendant failed to provide a timely response. Before the return date of the motion, the defendant provided a response that disclosed certain records relating to the subject renovation project, while qualifying that they were all of the responsive records in its possession "[a]t th[at] time." Following a conference held on the motion return date, December 2, 2019, the Supreme Court issued an order, on consent of both parties, directing the defendant, among other things, to serve an affidavit on or before December 20, 2019, confirming that it had provided all of the responsive records in its possession. The defendant failed to comply with this order.
On December 23, 2019, the plaintiff moved for leave to serve and file a late motion for summary judgment and, thereupon, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The plaintiff argued that good cause existed for the delay because depositions had not been conducted at the time the note of issue was filed, in addition to the need to secure responses to the plaintiff's post-deposition demands. By order dated July 21, 2020, the Supreme Court denied the motion, finding that the plaintiff failed to establish the requisite good cause based on the approximately five-month gap between Gamble's deposition and the filing of the plaintiff's motion. In light of its determination, the court did not reach the merits of those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The plaintiff appeals.
A party may not move for summary judgment after the deadline to do so has expired, "except with leave of court on good cause shown" (CPLR 3212[a]). As a result, a court may not consider a late motion for summary judgment unless the moving party offers "a satisfactory explanation for the untimeliness—rather than simply permitting meritorious, nonprejudicial filings, however tardy" (Brill v City of New York, 2 NY3d 648, 652). "While significant outstanding discovery may, in certain circumstances, constitute good cause for a delay in making a motion for summary judgment," the movant must establish that the discovery was "essential to its motion" (Navarro v Damac Realty, LLC, 202 AD3d 1100, 1101 [alterations and internal quotation marks omitted]). This standard generally requires that the discovery be relevant to resolving disputed issues of fact (see Johnson v Peconic Diner, 31 AD3d 387, 388). Even if the discovery is essential, good cause for the delay will only exist if the party promptly moves for summary judgment after securing such discovery (see e.g. McNally v Beva Cab Corp., 45 AD3d 820, 821; Espejo v Hiro Real Estate Co., 19 AD3d 360, 361).
Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to serve and file a late motion for summary judgment. While the court appropriately found that the plaintiff established good cause for not moving until after deposing Gamble, it incorrectly determined that the discovery sought by the plaintiff in his post-deposition demands was not essential to his motion for summary judgment. The discovery sought by the plaintiff related to Gamble's testimony indicating that the plaintiff may have been engaged in unauthorized work at the time of the accident, which may be a defense to the Labor Law causes of action (see Vega v Renaissance 632 Broadway, LLC, 103 AD3d 883, 885).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to serve and file a late motion for summary judgment, and we remit the matter to the Supreme Court, Kings County, for a determination on the merits of those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) (see Garcia v Bleeker St. Gardens, LLC, 188 AD3d 830, 831; Mondesir v Sterling, 149 AD3d 1067, 1068; He Ping Shao v Cao Zhao Wei, 118 AD3d 943, 944; Tafsiou v Arms Acres, 95 AD3d 995, 996; Kitkas v Windsor Place Corp., 49 AD3d 607, 608).
CONNOLLY, J.P., MALTESE, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court