Panzavecchia v County of Nassau (2022 NY Slip Op 07073)

Panzavecchia v County of Nassau

2022 NY Slip Op 07073

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2020-03750
 (Index No. 602825/17)

[*1]Sheila Panzavecchia, appellant, 
v
County of Nassau, defendant, Town of Hempstead, respondent.

Sacco & Fillas, LLP (Aydiner, P.C., Mineola, NY [Si Aydiner], of counsel), for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Steven G. Leventhal of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated May 1, 2020. The order granted the cross motion of the defendant Town of Hempstead for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On June 10, 2016, the plaintiff allegedly was injured when she fell off her bicycle after riding through sand accumulated on a roadway maintained by the defendant Town of Hempstead. In April 2017, the plaintiff commenced this action to recover damages for personal injuries against the Town and another defendant. Thereafter, the Town cross-moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it had not received prior written notice of the alleged sand condition. In an order dated May 1, 2020, the Supreme Court granted the Town's cross motion. The plaintiff appeals.
Initially, contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in considering the Town's untimely cross motion for summary judgment dismissing the complaint insofar as asserted against it. Pursuant to CPLR 3212(a), courts have "considerable discretion to fix a deadline for filing summary judgment motions" (Brill v City of New York, 2 NY3d 648, 651). "Absent a 'satisfactory explanation for the untimeliness,' constituting good cause for the delay, an untimely summary judgment motion must be denied without consideration of the merits" (Dojce v 1302 Realty Co., LLC, 199 AD3d 647, 649, quoting Brill v City of New York, 2 NY3d at 652). "[S]ignificant outstanding discovery may, in certain circumstances, constitute good cause for a delay in making a motion for summary judgment" (Navarro v Damac Realty, LLC, 202 AD3d 1100, 1101). Here, the Town established good cause for the untimely filing of its cross motion for summary judgment dismissing the complaint insofar as asserted against it by demonstrating that the plaintiff had scheduled the deposition of the Town's Highway Department Records Access Officer after the deadline for filing motions for summary judgment (see Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124, 129; Butt v Bovis Lend Lease LMB, Inc., 47 AD3d 338, 340; Pena v Women's Outreach Network, Inc., 35 AD3d 104, 108; cf. Kunz v Gleeson, 9 AD3d 480, 481).
"'Where . . . a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies'" (Loghry v Village of Scarsdale, 149 AD3d 714, 715, quoting Palka v Village of Ossining, 120 AD3d 641, 641; see Amabile v City of Buffalo, 93 NY2d 471, 474; Miller v Village of E. Hampton, 98 AD3d 1007, 1008). If a municipality establishes that it did not receive prior written notice of the defect, "the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule," including that the municipality affirmatively created the defect through an act of negligence (Yarborough v City of New York, 10 NY3d 726, 728; see Groninger v Village of Mamaroneck, 17 NY3d 125, 129-130; Smith v City of New York, 210 AD3d 53).
Here, the Town established, prima facie, that it did not receive prior written notice of the alleged sand condition by submitting the affidavit of its Highway Department Records Access Officer. In opposition to the Town's prima facie showing, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, evidence that certain residents had made phone calls to the Town about sand in the roads did not create a triable issue of fact as to prior written notice, which cannot be established by verbal complaints (see Gorman v Town of Huntington, 12 NY3d 275, 280; Tortorici v City of New York, 131 AD3d 959, 960).
Accordingly, the Supreme Court properly granted the Town's cross motion for summary judgment dismissing the complaint insofar as asserted against it.
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court