Ragoonanan v 43-25 Hunter, LLC (2023 NY Slip Op 01313)

Ragoonanan v 43-25 Hunter, LLC

2023 NY Slip Op 01313

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-09572
 (Index No. 705444/17)

[*1]Avin Ragoonanan, appellant,
v
43-25 Hunter, LLC, et al., respondents.

William Schwitzer & Associates, P.C., New York, NY (D. Allen Zachary of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York, NY (Kevin B. Pollak of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated May 14, 2020. The order denied the plaintiff's motion for leave to extend the time to move for summary judgment, and thereupon, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed, with costs.
On April 7, 2017, the plaintiff allegedly was injured at a work site when he fell from scaffolding that collapsed. At the time of the accident the plaintiff was employed by a subcontractor on the project. In April 2017, the plaintiff commenced this action to recover damages for personal injuries against 43-25 Hunter, LLC, the owner of the work site, and Hunter G.C., LLC (hereinafter Hunter G.C.), the general contractor for the project. The plaintiff alleged, inter alia, a violation of Labor Law § 240(1). On April 23, 2019, the plaintiff filed a note of issue, which indicated that there was outstanding discovery, including conducting a deposition of the defendants' representative. The defendants' representative, Sean Cavanagh, the general superintendent for Hunter G.C., was deposed on August 21, 2019. On October 23, 2019, the plaintiff moved to extend his time to move for summary judgment, and thereupon, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). That motion was removed from the calendar in error, and made again in February 2020. In an order dated May 14, 2020, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Pursuant to CPLR 3212(a), unless the court directs otherwise, a motion for summary judgment "shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown" (see Brill v City of New York, 2 NY3d 648, 651; Lanza v M-A-C Home Design & Constr. Corp., 188 AD3d 855, 856). Absent a "satisfactory explanation for the untimeliness," constituting good cause for the delay, an untimely summary judgment motion must be denied without consideration of the merits (Brill v City of New York, 2 NY3d at 652; see Dojce v 1302 Realty Co., LLC, 199 AD3d 647, 649). "While significant outstanding discovery may, in certain circumstances, constitute good cause for a delay in making a [*2]motion for summary judgment," the movant must establish that the discovery was "essential to its motion" (Navarro v Damac Realty, LLC, 202 AD3d 1100, 1101 [internal quotation marks and alterations omitted]). "This standard generally requires that the discovery be relevant to resolving disputed issues of fact" (Fuczynski v 144 Div., LLC, 208 AD3d 1153, 1155; see Johnson v Peconic Diner, 31 AD3d 387, 388). Further, "[e]ven if the discovery is essential, good cause for the delay will only exist if the party promptly moves for summary judgment after securing such discovery" (Fuczynski v 144 Div., LLC, 208 AD3d at 1155).
Here, the plaintiff failed to demonstrate that the outstanding deposition of Cavanagh was essential to his motion for summary judgment (see Navarro v Damac Realty, LLC, 202 AD3d at 1101; Avezbakiyev v City of New York, 104 AD3d 888, 888-889). While the plaintiff argued that he needed to conduct the deposition to confirm the status of the defendants as owner of the work site and general contractor, respectively, those facts were not in dispute (see Tower Ins. Co. of N.Y. v Razy Assoc., 37 AD3d 702, 703). Moreover, even following the completion of the deposition, the plaintiff did not promptly seek an extension and failed to articulate any reason for his delay of approximately two months in moving for summary judgment after the deposition (see Torres v Serlin Bldg. Ltd. Partnership, 208 AD3d 1195).
In light of our determination, we need not reach the plaintiff's remaining contentions.
Accordingly, the Supreme Court properly denied the plaintiff's motion to extend his time to move for summary judgment, and thereupon, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court