Greenwald v Raskin, LLC, II (2023 NY Slip Op 50791(U))

[*1]

Greenwald v Raskin, LLC, II

2023 NY Slip Op 50791(U)

Decided on July 21, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 21, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LOURDES M. VENTURA, JJ

2021-651 K C

Baruch Greenwald, Plaintiff-Respondent, against
against
The Raskin, LLC, II, William C. Thompson, Esq. and Jasmin Marshall, Defendants-Respondents. William C. Thompson, Esq. and Jasmin Marshall, Third-Party Plaintiffs-Respondents, Yitzchak Benabou, Doing Business as Kingston Pizza, Kosher, Third-Party Defendant-Appellant. 

Chartwell Law (Gregg S. Scharaga of counsel), for third-party defendant-appellant.
The Law Offices of Terrence F. Kuhn (Jonathan Gorham of counsel), for defendants-respondents/third-party plaintiffs-respondents.
Bernstone and Grieco, LLP (James M. McGowan of counsel), for plaintiff-respondent.
Mark S. Friedlander, for defendant-respondent Raskin, LLC (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E. Roper, J.), entered December 10, 2020. The order denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

ORDERED that the order is affirmed, without costs.
In 2011, plaintiff commenced an action in Supreme Court, Kings County, against defendant The Raskin, LLC, II (Raskin), the owner of 395 Kingston Avenue, Brooklyn, New York (the premises), to recover for personal injuries sustained on August 31, 2011, when he slipped and fell down an interior staircase of that building during the course of his employment. In 2014, plaintiff commenced a second action in Supreme Court, Kings County, against defendants William C. Thompson, Esq., and Jasmin Marshall to recover for personal injuries [*2]sustained in the August 31, 2011 accident. At the time of the accident, plaintiff was employed by a tenant of the premises, Yitzchak Benabou, and defendants Thompson and Marshall were the court-appointed temporary receiver and property manager, respectively. The two actions were subsequently consolidated in the Supreme Court, and the Supreme Court issued discovery orders setting deadlines for depositions and for the note of issue to be filed. In December 2015, defendants Thompson and Marshall commenced a third-party action against Yitzchak Benabou, doing business as Kingston Pizza, Kosher (the third-party defendant), alleging causes of action for common-law indemnification and contribution, contractual indemnification, and breach of contract for failure to procure liability insurance. Plaintiff filed a note of issue on May 6, 2016, before third-party defendant served his answer on May 11, 2016.
By notice of motion dated May 25, 2016, defendants/third-party plaintiffs moved to vacate the note of issue, to strike the action from the trial calendar pending the completion of discovery, and for an extension of time to file "dispositive motions." In an order dated June 30, 2016 (Martin Schneier, J.H.O.), the Supreme Court denied the branches of defendants'/third-party plaintiffs' motion seeking to vacate the note of issue and strike the action from the trial calendar. The order did not address the branch seeking an extension of time to file "dispositive motions," but set deadlines for defendants to serve examination before trial demands and for the parties to respond to all outstanding demands.
On July 31, 2017, the action was transferred to the Civil Court pursuant to CPLR 325 (d). Subsequent to the June 30, 2016 order, the parties continued to file motions/ orders to show cause seeking discovery-related relief, first in Supreme Court and then in Civil Court, and both courts continued to extend deposition deadlines. On May 18, 2018, the third-party defendant took plaintiff's deposition. The trial was originally scheduled for June 7, 2018, but was adjourned to August 2, 2018. On August 2, 2018, the trial was adjourned again, with no specific adjournment date. On September 11, 2018, the third-party defendant's counsel served plaintiff with a copy of his May 18, 2018 deposition transcript, and plaintiff returned the executed transcript on October 12, 2018. By notice of motion dated September 19, 2019, the third-party defendant moved for leave to file a late motion for summary judgment and, upon the granting of such leave, for summary judgment dismissing the third-party complaint. By order entered December 10, 2020, the Civil Court (Sandra E. Roper, J.) entertained the motion and denied it.
On appeal and in his original motion papers, the third-party defendant contends, among other things, that he adequately demonstrated good cause for the late filing of his motion for summary judgment, as the note of issue was filed before the third-party defendant filed his answer with significant outstanding discovery, and as the court permitted discovery for two years after the note of issue was filed.
Pursuant to CPLR 3212 (a), a motion for summary judgment "shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown." In order to demonstrate "good cause for the delay in making the motion," the movant must provide "a satisfactory explanation for the untimeliness" (see Brill v City New York, 2 NY3d 648, 652 [2004]). If the movant fails to establish "good cause" for its late filing, "the court has no discretion to entertain even a meritorious, nonprejudicial motion for summary judgment" (Bivona v Bob's Discount Furniture of NY, LLC, 90 AD3d 796, 796 [2011] [internal
quotation marks omitted]; see Brill v City of New York, 2 NY3d 648; Bargil Assoc., LLC v [*3]Crites, 173 AD3d 958 [2019]; Espejo v Hiro Real Estate Co., 19 AD3d 360 [2005]). "While significant outstanding discovery may, in certain circumstances, constitute good cause for a delay in making a motion for summary judgment, the movant must establish that the discovery was essential to its motion" (Fuczynski v 144 Div., LLC, 208 AD3d 1153, 1155 [2022] [internal quotation marks omitted]). Moreover, even where outstanding discovery is essential, "good cause for the delay will only exist if the party promptly moves for summary judgment after securing such discovery" (id.).
Based on the foregoing, the third-party defendant has failed to demonstrate good cause for his delay in moving for summary judgment. Although there was outstanding discovery when the note of issue was filed, and the court allowed further discovery for another two years, the third-party defendant has not provided a sufficient explanation for his extensive delay in filing the motion. While counsel claims that he needed plaintiff's executed deposition transcript to file the motion, which he did not receive until October 12, 2018, he did not file the motion until September 19, 2019, more than 11 months after he received the transcript (see Torres v Serlin Bldg. Ltd. Partnership, 208 AD3d 1195 [2022]; Fuczynski v 144 Div., LLC, 208 AD3d 1153; Deutsche Bank Natl. Trust Co. Ams. v Banu, 205 AD3d 887 [2022]; McNally v Beva Cab Corp, 45 AD3d 820 [2007]). Further, although counsel claims to have relied on the contents of the deposition transcript, the majority of his arguments are based on the text of the lease and the nature of plaintiff's injuries, which are set forth in the bill of particulars (see Tower Ins. Co. of NY v Razy Assoc., 37 AD3d 702 [2007]; Espejo v Hiro Real Estate Co., 19 AD3d 360; Mia v FMZ Holding, LLC, 43 Misc 3d 132[A], 2014 NY Slip Op 50620[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Counsel's contention that he did not file the motion because the assigned judge was transferred to Kings County Supreme Court in January 2019 is not entitled to consideration, as it was raised for the first time on appeal (see Nationwide Ins. Co. v New York Lighter Co., Inc., 68 AD3d 950 [2009]; ACH Chiropractic, P.C. v Nationwide Ins., 76 Misc 3d 128[A], 2022 NY Slip Op 50782[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; 700 Bklyn Realty, LLC v Latimi, 73 Misc 3d 11 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). As the third-party defendant did not establish good cause for his delay in moving for summary judgment, we find no basis to disturb the Civil Court's order denying the motion (see Brill v City of New York, 2 NY3d 648; Bargil Assoc., LLC v Crites, 173 AD3d 958; Ade v City of New York, 164 AD3d 1198, 1200-1201 [2018]; Bivona v Bob's Discount Furniture of NY, LLC, 90 AD3d 796; Espejo v Hiro Real Estate Co., 19 AD3d 360).
Accordingly, the order is affirmed, albeit on a different ground than that relied upon by the Civil Court.
TOUSSAINT, P.J., BUGGS and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 21, 2023